## Matt Hood v. The State.

### No. 4279.   Decided February 12, 1908.

**1.—Local Option—Elections.**

Where two local option elections are held, each resulting in favor of prohibition and each being regular, a prosecution can be based upon either, and if either is not regular, it devolves upon the defendant to show that fact.

**2.—Same—Case Stated—Evidence.**

Where a local option election was held in 1901, and another in the same territory in 1904, both resulting for prohibition, the prosecution could be predicated upon either law, and there was no error in admitting the orders of the commissioners court showing the adoption of local option in 1901, upon which the prosecution was based.

**3.—Same—Evidence—Remarks by Judge.**

Where upon trial for a violation of the local option law, the court excluded certain testimony of the State upon objection by defendant and remarked thereon, addressing counsel for the State, that he wanted the case tried according to law so that it would not be reversed, to which remarks defendant's counsel objected. Held, there was no error.

**4.—Same—Conversation—Evidence.**

Where upon trial for a violation of the local option law, defendant introduced a part of the statement of a witness, there was no error in permitting the State to introduce all of said conversation of said witness; especially where the court limited said testimony to the credibility of a witness.

Appeal from the County Court of Eastland.   Tried below before the Hon. E. A. Hill.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord*, Assistant Attorney-General, for the State.

BROOKS, Judge.—Bill of exceptions No. 2 objects to the introduction of the orders of the commissioners court, showing the adoption of local option in 1901, and shows that at the time said record evidence was offered, the court took judicial cognizance of the fact that it was a subsequent election held within and for Eastland County, Texas, within the time prescribed by law to determine whether or not the sale of intoxicating liquors should be prohibited in Eastland County, and that at said election the majority of the votes cast were in favor of local option; that all the orders were duly made, declared and published during the year 1904.   Appellant objected to the introduction of the orders of 1901, for the following reasons:

1.   There was a variance between the allegations in the complaint and information, in this:   It alleged in the complaint and information that said result of said election held on October 15, 1901, to determine whether or not the sale of intoxicating liquors in Eastland County

should be prohibited "was duly published," whereas, the said orders offered in evidence clearly showed that the commissioners court of Eastland County, Texas, ordered the publication of said result as so declared by them, and such orders showed upon their face that the result or order declaring the result was not published as required by law.

2. Because the orders themselves showed that there was a subsequent election held to the one upon which this prosecution was predicated.

There was no error in this ruling of the court. We have heretofore held that where two local option elections are held, each resulting in favor of prohibition, each being regular, that a prosecution could be based upon either, and, if either is not regular, it would devolve upon the appellant to show that fact. Of course, if a local option law was adopted in Eastland County in 1901, and in 1904, another election was held, which resulted against prohibition, it would be the duty of appellant to legally and properly show this fact, which should be preserved in the statement of facts or in a bill of exceptions. But here we have before us, as far as this bill discloses, two valid elections; one in the year 1901, and the other in 1904. We hold, therefore, that there is no variance between the indictment and information; but the prosecution could have been predicated upon either law, since both of same are valid so far as this record shows. See Massie v. State, 52 Texas Crim. Rep., decided at the present term, February 12, 1908.

Bill of exceptions No. 3 shows that Jas. Beard, agent for the Pacific Express Company, witness for the State, was placed upon the stand, and was being interrogated by counsel for the State as to certain orders for whisky claimed to have been entered on the express books of the said express company, and which were claimed by the State to have been orders for whisky given by the defendant to other parties, not connected with or concerned in this prosecution; and after such interrogation of said witness, State's counsel sought to introduce the record of the said express book showing such orders and defendant's counsel objected to the introduction of same, and the court sustained such objection of appellant's counsel. Whereupon the State's counsel still insisted upon the court permitting the introduction of same, and in response to such insistence the court, in the presence and hearing of the jury, made the following remark, to wit: (Addressing counsel for the State), "I want this case tried according to law so that it will not be reversed." To which remark appellant's counsel objected; the same being made in the presence and hearing of the jury, on the ground that it was a statement by the court as to the legal effect of the testimony that had already been introduced before the jury; and that in the mind of the court the defendant had already been proven guilty of the charge as made against him; that it was extremely prejudicial to the defendant, and indicated to the jury that, in the mind of the court, the defendant was guilty of the charge made against him. These are legal deductions from the statement that counsel themselves make, and we do not think they are probable inferences to be made by the jury trying the case. It

practically amounts to the court's saying he wanted to try the case according to law.

Bill No. 5 shows that while the prosecuting witness, Jimmie Turner, was upon the stand, he was asked by defendant's counsel, after he had stated that he gave to defendant the sum of $1.10 for a quart of whisky, and that defendant afterwards delivered to the said prosecuting witness a quart of whisky, the following question: "Is it not a fact that prior to the time you made the complaint filed in this cause in the town of Eastland in the office of H. B. Horn, justice of the peace of this precinct, and in a court of inquiry before said Horn, and in the presence of the county attorney, the county attorney asked you as to where you procured the whisky involved in this prosecution; that you told him, the county attorney, that you saw some wagon or buggy tracks leading off from the public road, and that you followed the buggy tracks out into the brush, or to the side of the road, and that there you found the whisky?" And after the prosecuting witness had given a negative answer and replied thereto, "No, it is not true," then the defendant in rebuttal and for the purpose of impeaching said prosecuting witness as to said matter inquired about, placed the said H. B. Horn, Esq., upon the stand and asked him if the said prosecuting witness did not make such statement. Said Horn testified that prosecuting witness did make said statement. Thereupon, State's counsel asked said Horn to make the statement in full that the prosecuting witness did make before him, which he did, and the same was as follows: "Prosecuting witness was in my office on said occasion, and when asked where he obtained his whisky on Christmas Eve, said he saw some buggy tracks leading off from the roadside and found the whisky out there; then Mr. Jackson told prosecuting witness he better tell the truth or else he might get himself into trouble. Then prosecuting witness hung his head a moment and replied: 'Well, I will tell you the truth about it; I bought it from Matt Hood.'" The bill is approved with this explanation: "At the time witness Horn was testifying to the alleged statements and before the witness Horn left the stand, the court instructed the jury orally that they would consider the testimony of said witness Horn for no other purpose other than to determine the credibility of the witness Turner." The testimony, as suggested by the court, was admissible for the purpose for which it was introduced. It is a well-known rule and statute of this State that, where a part of a conversation is introduced upon a given subject, all of the same matter may be introduced. After the witness Horn made the first statement in contravention of the testimony of the prosecuting witness in this case, it was proper and germane to prove all that he said upon said occasion.

The record before us contains nothing authorizing the reversal of this cause and the judgment is affirmed.

*Affirmed.*