## A. B. COMBS v. THE STATE.

No. 4588.          Decided February 17, 1909.

**Aggravated Assault—Intent to Injure—Consent—Presumption.**

Where upon trial for aggravated assault by the court without a jury, the testimony for the prosecution showed an assault upon a woman to fondle her against her consent, the intent to injure was presumed unless the contrary was shown; and where defendant denied such intent, the question was one of fact for the court, and a verdict of guilty will not be disturbed.

Appeal from the County Court of Parker. Tried below before the Hon. R. L. Stennis.

Appeal from a conviction of aggravated assault; penalty, a fine of $50.

The opinion states the case.

*Preston Martin,* for appellant.—On question of intent: Flournoy v. State, 25 Texas Crim. App., 244; Chambless v. State, 46 Texas Crim. Rep., 1, 10 Texas Ct. Rep., 206; Kearse v. State, 13 Texas Ct. Rep., 628; Shields v. State, 39 Texas Crim. Rep., 13; Stripling v. State, 48 Texas Crim. Rep., 112, 10 Texas Ct. Rep., 322; Crawford v. State, 21 Texas Crim. App., 454; Fuller v. State, 44 Texas Crim. Rep., 463, 6 Texas Ct. Rep., 783; Lee v. State, 47 Texas Crim. Rep., 612, 12 Texas Ct. Rep., 431.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was charged with, and convicted of, an aggravated assault upon a woman.

The facts show that the assaulted party was a married woman at home by herself. Appellant went to her house in the absence of her husband, called for and obtained a drink of water. After drinking the water, he approached prosecutrix and placed his hand upon her breast. She knocked it off, stepped back, and asked him if he wanted her to shoot him. He said, No, he did not want to have any trouble. He then asked if she had anything for him. Being informed in the negative, he replied, "a man never knows what a woman will do till he tries her." The prosecutrix stepped to the phone, called up Mr. Musick, a neighbor, and appellant went away. She did not know where he went. Before obtaining the drink of water, and prior to placing his hand upon her breast, appellant inquired and ascertained the fact that prosecutrix husband was absent. Appellant's statement is pretty much the same, except he stated that he walked up to her and placed his hand on her chin and sort of fondled her in that way, and that she made the same statement to him to which prosecutrix testifies. The case was tried by the court without a jury.

Appellant contends, under this state of facts, that he was not guilty of an assault in that there was a want of testimony to indicate an intent to injure the prosecutrix. Of course, if it was done with the consent, or there was an absence of intent to injure, and the facts so showed, he might not be guilty. Quite a number of authorities might be cited in support of this proposition, but the cases cited by appellant are in the main, such as were tried by a jury and in which the court refused or failed to submit the issue of intent to injure as a fact upon which the jury would base their verdict, and because the charges were not given, the judgments were reversed. In this case there was no jury, and therefore no charges necessary. The court determined the facts. It is an assault upon a woman to fondle her against her consent, or to lay hands upon her without her consent, and the intent under such circumstances would be presumed. This presumption would have to be overcome to justify an acquittal. The court determined the issue against

appellant. We are of opinion, therefore, as the record is presented, that we can not say there was no intent to injure, the trial court having determined the matter the other way with all the facts be- fore him. It may be stated further, however, that appellant stated, he did not intend to injure; that he acted under the belief that it would not be offensive to her because of information received from a relative of his, who had told him that the prosecutrix was of easy virtue and that he (the informant) had had carnal intercourse with her. Familiarity with appellant's informant on her part was denied by prosecutrix, and it became an issue of fact before the court as to the evidence of these witnesses and the credit to be attached to their testimony. The court found the facts against appellant. So, under the circumstances of the case, we do not feel justified in reversing the judgment, and it is, therefore, ordered to be affirmed.

*Affirmed.*