### Porfirio Enriquez v. The State.

No. 759.    Decided November 2, 1910.

Rehearing Denied December 21, 1910.

**1.—Local Option—Indictment—Date of Election.**

In a prosecution of a violation of the local option law, the indictment need not allege the date upon which the election was held putting local option in effect. Following Wade v. State, 52 Texas Crim. Rep., 608.

**2.—Same—Constitutional Law—Statutes Construed—Vote by People.**

The object and purpose of section 20, Article 16 of the Constitution of Texas is, that where the Legislature has passed an Act increasing the punishment of a violation of the local option law, the people must decide at a subsequent election whether such Act of the Legislature shall go into effect in the territory where it is sought to be put in operation.

**3.—Same—Legislative Power—Repeal of Law.**

The Legislature is empowered to pass local option laws and prescribe punishments for the violation thereof, and to authorize the people to decide at an election thereafter whether the law shall go into operation; and where local option is in force at the time of the legislative Act increasing the punishment from a misdemeanor to a felony, the people may subsequently decide whether a violation of the local option law shall be a felony, and if they so decide, the former local option law in force in said territory is thereby repealed. Distinguishing Hood v. State, 52 Texas Crim. Rep., 524.

**4.—Same—Misdemeanor—Felony—Statutes Construed—Case Stated.**

Where, upon trial of a violation of the local option law, the evidence showed that local option was adopted in the county of the prosecution in 1906, and that after the Act of the Thirty-first Legislature, Chapter 15, page 284, increasing the punishment from misdemeanor to a felony, another election was held in said county again adopting local option, and that thereafter defendant sold intoxicating liquors in said county. Held: that the latter election repealed the former local option law in force in said county, and that the defendant was properly prosecuted and convicted of a felony.

Appeal from the District Court of Uvalde. Tried below before the Hon. R. H. Burney.

Appeal from a conviction of the local option law; penalty, one year imprisonment in the penitentiary.

The State's testimony was, after proving the several orders of the Commissioners' Court with reference to said election, etc., that the alleged purchaser bought a bottle of whisky from the defendant about the 6th of March, 1910, and paid $1.50 therefor; and that he had purchased intoxicating liquors from the defendant five or six times. The defendant denied such sale of intoxicating liquors to prosecutor.

*G. B. Fenley* and *Claud Lawrence,* for appellant.—The enactment of the Thirty-first Legislature, chapter 15, page 284, rendering the sale of intoxicating liquor a felony does not apply to counties in which the local option law was in force prior to the said enactment and where there has been no subsequent election resulting against prohibition, and where the local option law has been in force without interruption since the first election, the holding of a subsequent election, also resulting in favor of local option, does not put this statute in force and cause the increased penalty to attach.

Article 3390 of the Revised Statutes provides that when once local option is adopted, that it becomes the law and shall remain in full force and effect, "until such time as the qualified voters therein may at a legal election held for that purpose, by a majority vote, decide otherwise." . . . Under the peculiar wording of this statute, if it is to be accepted, literally, the subsequent election, unless it should result against local option, could have no effect whatever upon the said order entered declaring the results of the former election and prohibiting the sale of intoxicating liquor in Uvalde County, for by its express terms, the order provides that the sale of intoxicating liquor is prohibited until such time as the qualified voters decide "otherwise." Then if the said order is still in force and effect and a prosecution can be lodged under it, then it follows as a natural consequence, that the misdemeanor penalty would apply under a prosecution lodged under the first election, because under the ruling in the Lewis case, 58 Texas Crim. Rep., 351, 127 S. W., 808, the felony penalty could not apply. Then if the court should find that we had the anomaly of two different penalties in force, the misdemeanor penalty under the former election and the penalty under the

later election, we think then that the appellant would be entitled to the benefit of the lesser penalty.

The local option law being a special law and liable to be suspended in any local option county by special election of the electors thereof, it is necessary, for the indictment to allege that the said law was in force and effect at the time of the alleged offense, and the mere allegation of facts going to show that it had gone into effect in said county at a time anterior to and prior to the date of the alleged offense without further alleging that at the time of the alleged offense, it was in full force and effect is insufficient. Act Thirty-first Legislature, chap. 15, page 284; Revised Statute, art. 3390; Massie v. State, 52 Texas Crim. Rep., 548, 107 S. W. Rep., 847; Leftwich v. State, 55 S. W. Rep., 571; Lewis v. State, 58 Texas Crim. Rep., 351, 127 S. W. Rep., 808; Decker v. State, 44 S. W. Rep., 845; Weathered v. State, 60 S. W. Rep., 876; Tippit v. State, 53 Texas Crim. Rep., 180, 109 S. W. Rep., 161.

*John A. Mobley,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of selling whisky in violation of the statute under an election held since the passage of the felony statute.

1. An attack is made upon the indictment because it does not allege the date upon which the election was held putting local option into effect. Under the decisions of this court, this objection is not well taken. See Wade v. State, 52 Texas Crim. Rep., 608.

2. It is suggested in motion for new trial that the court misdirected the jury as to the law and the penalty for its violation in that the court instructed the jury that in case they should convict they would punish by imprisonment in the penitentiary; whereas, in truth and in fact the offense with which the defendant stands charged is not a felony, and not punishable by imprisonment in the penitentiary. The facts show that if a sale occurred it was about March, 1910. It further shows that an election was held in December, 1909, since the passage of the felony statute by the Legislature. It is further shown that local option law had been in effect prior to that time by virtue of an election held in 1906. The contention of appellant seems to be this: that the law was in force by virtue of the election of 1906, and that the election held in December, 1909, was but the continuance of the law in force, and, therefore, it was not a felony but a misdemeanor. We have heretofore held in Hood v. State, 52 Texas Crim. Rep., 524, that where local option election was held in 1901 and again in the same territory in 1904, both resulting in favor of prohibition, the prosecution could be predicated upon either election, and there was no error in admitting in evidence the orders of the Commissioners' Court showing the adoption of the local option law in 1901. Under the law as it then existed the punish-

ment was the same under both elections, and the law having been continued in operation and the punishment the same, it would make no difference under which election the prosecution occurred. The question there decided is not the question here presented. If the punishment was the same under the late Act of the Legislature as it was before, there might be no repeal. The territory being the same, the punishment being the same, subsequent elections holding the law in operation would make no difference in the status of the law and the parties. As the law is now the punishment is different from that under which the election was held in 1906 as it relates to this case. The Legislature is authorized and required by the Constitution to pass local option statutes whereby the people may hold such elections and put the law into operation. The Legislature, therefore, is empowered by the terms of the Constitution to pass local option laws and prescribe therefor punishments for its violation. Whether the law should go into effect or not, so as to enforce these punishments is relegated to the people of the particular territory where it is sought to be put into operation. With that the Legislature has no concern. The Legislature did pass the late Act making the punishment a felony, and we have held in the case of Lewis v. State, 58 Texas Crim. Rep., 351, 127 S. W. Rep., 808, that these punishments could not be made operative in the territory where local option was in existence at the time of the passage of the statute; that the people must again vote upon the law if they desired to make violations of the law a felony; that the Legislature could not do so. This was the object and purpose of section 20, article 16, of our State Constitution. Of course, this amended statute could not go into operation as before stated until the people had voted upon it. At the time they voted in this particular case the new statute had been enacted. The election in December, 1909, operated as a repeal of the former punishment, and by putting the law into operation the people adopted this amended statute with its punishment. So far as the new punishment is concerned, the amended or substituted law became operative in the territory after the election was held subsequent to the passage of that statute as to all offenses thereafter committed. The people had so ordered by their vote. This they had the legal right to do. So far as that particular election is concerned, the amended statute prescribing the felony punishment was and is the law.

Finding no reversible error in the record, the judgment is affirmed.

*Affirmed.*

[Rehearing denied December 21, 1910.—Reporter.]