BOB BURRELL v. THE STATE.

No. 1278. Decided June 21, 1911.

1.—Local Option—Argument of Counsel.

Where the State's counsel, in his argument to the jury, told them that if they did not convict the defendant they might as well wipe the local option law off the statute books and tear down their courthouse, and that if it had not been that the felony law was passed after the local option law the defendant could be sent to the penitentiary, and that therefore they should give him the severest penalty, etc., to all of which the defendant duly excepted, and asked that the remarks be withdrawn, which the court refused, the same was reversible error.

2.—Same—Newly Discovered Evidence—Affidavit.

Where the allegation of newly discovered evidence is not supported by the affidavit or the testimony of the witnesses, the same can not be considered on appeal.

3.—Same—Argument of Counsel.

See opinion admonishing prosecuting officers to keep within the record in their argument.

Appeal from the County Court of Nacogdoches. Tried below before the Hon. F. P. Marshall.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $75 and sixty days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was charged with violating the local option law. He was convicted and his punishment assessed at a fine of $75 and sixty days imprisonment in the county jail.

There are several assignments in the record complaining of the argument of the prosecuting officer. Proper bills of exception were reserved thereto at the time, and to the refusal of the court to give special charges requested, withdrawing these remarks from the consideration of the jury. As shown by the three bills of exception, the following remarks were used by the prosecuting officer and their withdrawal requested by special instructions:

(1) "You are instructed that the argument of the counsel for the

State, wherein he says: 'If you do not convict Bob Burrell in this case under these facts, you had as well wipe the local option law off of the statute books and tear down your courthouse.' Such argument is improper, and should not have been engaged in by Mr. Strong, and you will, therefore, not consider it for any purpose."

(2) "You are instructed that the argument of the State's attorney, wherein he says: 'I don't blame Judge Middlebrook for objecting to my argument in opening this case as to tearing down the courthouse and wiping our local option statute off the books; I repeat, if you jurors are going to acquit this defendant on as plain a state of facts as is before you in this case, just as well wipe our local option law off the statute books, and turn bootleggers loose in this county, and let them keep and sell liquor by the gunnybag full.' The argument was improper, should not have been indulged in by the State's attorney, and you are instructed not to consider it for any purpose."

"You are instructed that the argument of Mr. Strong, attorney for the State, wherein he said: 'If you do not convict Bob Burrell in this case, you had as well wipe our local option law off the statute book. Why, gentlemen of the jury, our Legislature has just recently passed a law making it a penitentiary offense for such bootleggers as Bob Burrell to ply their trade in Texas; and on account of our county having voted the local option law in effect in Nacogdoches County before the Legislature passed that law, we can't prosecute them under the penitentiary statute in this county, and I think that, such being the case, you should not give Bob Burrell a twenty-five dollar fine and twenty days in jail in this case, but give him the severest penalty, and teach him that bootleggers like him can not go around the county peddling out liquor by the gunnybag full and besmirch and ruining of the young men of this county.' Such argument was improper, and should not have been made by the State's attorney to you, and you will, therefore, not consider it for any purpose."

These special charges should have been given. Jenkins v. State, 49 Texas Crim. Rep., 457, and authorities there cited.

The other grounds in the motion for a new trial present no error.

The allegation of newly-discovered evidence is not supported by the affidavits of the witnesses nor by any testimony.

We would respectfully suggest that prosecuting officers in their argument keep within the record, and thus prevent the necessity of a reversal. This court in its former decisions has gone so far as to say, when it can, that no harm resulted from such remarks, but in this case, when we take the evidence into consideration, and the punishment, we can not so hold.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*