## LULA DOBSON v. THE STATE.

### No. 1622.  Decided March 27, 1912.

### Rehearing Denied May 1, 1912.

**1.—Local Option—Date of Election—Indictment.**

Where the indictment failed to allege the time the said local option law was put into operation in the county of the prosecution, this defect should have been raised by a motion to quash and could not be raised by motion in arrest of Judgment. Following Hamilton v. State, 65 Texas Crim. Rep., 508, and other cases.

**2.—Same—Evidence—Newly Discovered Evidence.**

Examining trial testimony of which defendant's counsel was aware at the time of the trial is not newly discovered evidence, and a discrepancy therein and that of the testimony on trial is not ground for new trial.

Appeal from the District Court of Bowie. Tried below before the Hon. P. A. Turner.

Appeal from a conviction of the local option law; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Hart, Mahaffey & Thomas,* for appellant.—On question of motion in arrest of judgment: Sharp v. State, 6 Texas Crim. App., 650; Collins v. State, id., 647; Boshard v. State, 25 Texas Sup., 207;

Drummond v. State, 4 Texas Crim. App., 150; Calvin v. State, 25 Texas, 789; State v. Slack, 30 Texas, 355.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of violating the local option law, her punishment being assessed at one year confinement in the penitentiary.

1. The indictment fails to allege the time the said law was put into operation in the county. Appellant moves in arrest of judgment for this reason. My brethren hold in Hamilton v. State and Myers v. State, recently decided, that this is a matter of form and not of substance, and can not be raised on motion in arrest of judgment. That in order to take advantage of this defect in the indictment it must be raised *in limine,* on motion to quash. The writer dissented in those cases and wrote some of the reasons for such dissent in Hamilton v. State, supra. Some of the decisions were cited in the Hamilton case upon which the writer relied as justifying the conclusion that the indictment in those cases as in this case was insufficient and the motion in arrest of judgment was made in time. Under the majority opinion in those cases, however, this proposition of appellant is not well taken.

2. Appellant insists the judgment should be reversed because of the discrepancy in the testimony of the witness Morgason upon the final trial and his testimony in the examining trial. The examining trial testimony of Morgason was not produced before the jury on final trial to impeach or contradict his testimony on final trial. Appellant's counsel who represents him here on this appeal did not defend her in the examining trial or on final trial in the District Court. There is a sharp difference between the testimony of the witness Morgason as given upon the two trials. The examination of the statement of facts, however, as contained in this record, clearly shows that counsel who did represent appellant before the District Court was aware of the testimony of Morgason before the examining court, and asked questions of him looking to a contradiction of his testimony given in the District Court by that given on that examining trial. Several questions were asked the witness with reference to his testimony in the examining trial. The examining trial evidence, however, was not introduced before the jury. This matter, then, can not be considered as newly discovered evidence, because appellant and his attorney knew of the examining trial testimony and the discrepancies between Morgason's testimony upon the two trials. The testimony of Morgason is very unsatisfactory, and it is evident from the manner of his testifying and his evidence brought up in the record, that he is a man of very weak mind and frail memory. The writer believes that the liberty of the citizenship of this State should not be taken upon such uncertain testimony. He

was not clear in his statement of identification of appellant. He was examined and cross-examined, and leaves the matter in a very uncertain condition as to whether she was the party who sold him the whisky, yet the jury believed she was sufficiently identified as the seller.

As the record presents the case the judgment will be affirmed.

*Affirmed.*

[Rehearing denied May 1, 1912.—Reporter.]