### WALTER SNELL v. THE STATE.

#### No. 1871. Decided October 23, 1912.

**1.—Local Option—Statement of Facts—Bills of Exception.**

Where no order was made permitting the statement of facts and bills of exception to be filed after the adjournment of the term, they could not be considered on appeal, as they were filed after adjournment. Following Hamilton v. State, 65 Texas Crim. Rep., 508.

**2.—Same—Motion in Arrest of Judgment—Repeal of Law—Vagrancy Act.**

The Vagrancy Act did not repeal the prohibition law in counties where the same is made a misdemeanor. Following Parshall v. State, 62 Texas Crim. Rep., 177.

**3.—Same—Information—Motion in Arrest of Judgment.**

Where the information did not allege whether the prohibition election which put the law in force in the territory of the prosecution occurred before or after the felony statute went into effect, this formal defect could not be reached by motion in arrest of judgment. Following Hamilton v. State, 65 Texas Crim. Rep., 508.

Appeal from the County Court of McLennan. Tried below before the Hon. Tom L. McCullough.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $100 and sixty days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.—On question of filing statement of facts and bills of exception after adjournment: Mosher v. State, 62 Texas Crim. Rep., 42; Cheney v. State, 62 id., 67; Griffin v. State, 62 id., 98; Luper v. State, 62 id., 98; Harwell v. State, 62 id., 117; Dilliard v. State, 62 id., 321; Davis v. State, 62 id., 537.

PRENDERGAST, JUDGE.—Appellant was prosecuted and convicted for unlawfully making a sale of intoxicating liquor in a prohibition precinct in McLennan County—a misdemeanor—and his punishment fixed at a fine of $100 and sixty days in the county jail.

By complaint and information the offense is charged to have been committed on May 15, 1910, without alleging whether the prohibition election which put the law in force in that precinct occurred before or after the felony statute went into effect.

This case was tried on June 8, 1910. The record was not filed in this court until April 10, 1912. The court convened on May 2, 1910, and adjourned on June 18, 1910. No order was made permitting the statement of facts and bills of exception to be filed after adjournment of the term. There appears in the record bills of exception and a statement of facts filed from two to three weeks after the adjournment. The Assistant Attorney-General objects to their being considered by this court, and under the uniform holding of this court they can not be considered. Hamilton v. State, 65 Texas Crim. Rep., 508, 145 S. W., 348, and cases there cited.

Without a statement of facts the court can not consider any of the questions attempted to be raised, except in his motions to arrest of judgment. By these motions it is insisted that the prohibition law under which this prosecution was had was repealed by the Vagrancy Act. This has been correctly held against appellant. Parshall v. State, 62 Texas Crim. Rep., 177, 138 S. W., 759. The other ground is that the complaint and information are fatally defective in that they do not allege the date the prohibition election was held and the law put in force. This has also been correctly expressly held against appellant. Hamilton v. State, supra. The judgment is affirmed.

*Affirmed.*