### MARCARD SANDAVAL v. THE STATE.

No. 2723. Decided January 14, 1914.

**Local Option—Election—Felony—Misdemeanor.**

Where defendant was convicted of a violation of the local option law in the County Court, and contended that said court had no jurisdiction because the offense, if any, was a felony, and should be tried in the District Court, and it appeared from the record that since the first local option election in the justice precinct, in which prohibition carried, the county of the prosecution was organized out of the old county in which said precinct was situated, and after such organization and the Act making it a felony, another election was held in a commissioner's precinct in the new county in which part of said justice precinct was embraced, and in which prohibition carried, the latter election controls and the District Court alone has jurisdiction. Following Enriquez v. State, 60 Texas Crim. Rep., 580.

Appeal from the County Court of Jim Wells. Tried below before the Hon. W. R. Perkins.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $100.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, PRESIDING JUDGE.—This is an appeal from a misdemeanor conviction for a violation of the prohibition law against the sale of intoxicating liquors. The offense is alleged to have been committed on April 3, 1913. The case was tried in May, 1913.

There is but one question in the case necessary to decide. The record shows that in 1877, in justice precinct No. 3, of Nueces County, an election was held, carried and the law put in force in that precinct prohibiting the sale of intoxicating liquors therein; that no such prohibition election since then has ever been held in that same territory. We judicially know that Nueces County, at that time, was a very large county, embracing a territory much greater than the ordinary sized county in Texas. The Thirty-second Legislature, by the Act of March 25, 1911, chap. 140, p. 58, created and established Jim Wells County from a part of said Nueces County, and authorized and required the organization of that county. The Act, as is usual, required the proper authorities to divide Jim Wells County into county commissioners precincts, which was done. Commissioners precinct No. 1, of Jim Wells County, as thus laid out and established, embraced only a part of what was originally said justice precinct of Nueces County. Thereafter, in October, 1912, under the proper orders of the Commissioners Court of Jim Wells County, an election was duly and legally held to determine whether the sale of intoxicating liquors should be prohibited in said commissioner's precinct; in that election prohibition was carried, was so declared and the law then properly put in force and was in force continuously thereafter and at the time this alleged offense was committed.

This prosecution was begun by complaint and information in the County Court of Jim Wells County. Appellant contended that the offense, if committed, was a felony by reason of said election and not a misdemeanor, and that the County Court had no jurisdiction, but that the District Court only had jurisdiction, and that the offense must be prosecuted by indictment and not by complaint and information.

The contention of the State was that as said commissioners precinct of Jim Wells County embraced only a part of said justice precinct and as no other election defeating prohibition had ever been held in the identical territory embracing said justice precinct, the prohibition law, as it existed in 1877, was still in force in that part· of said ˙justice pre-

cinct, which was embraced in said commissioner's precinct. And that, although an election had been held in said commissioner's precinct since the prohibition law made the sale of intoxicating liquor a felony, that the State could elect under which law it would prosecute the offense, and that both laws were in force in that part of justice precinct embraced in said commissioner's precinct.

We are unable to find that this question has ever before been passed upon.

This court, in many decisions, has held that where said prohibition law has been put in force in any given subdivision of a county, that territory can not be changed by the Commissioners Court so as to affect the law in such territory, or any part of it, and that the identical territory that first put the law in force must repeal it, and until and unless the identical territory does so, the law, as first put in force, continues in force. We cite only some of these cases. Elliott v. State, 44 Texas Crim. Rep., 575; Medford v. State, 45 Texas Crim. Rep., 180; Woods v. State, 75 S. W. Rep., 37; Nelson v. State, 75 S. W. Rep., 502; Ex parte Fields v. State, 86 S. W. Rep., 1022; Ex parte Cox v. State, 28 Texas Crim. App., 537; Aaron v. State, 34 Texas Crim. Rep., 103; Pollard v. State, 51 Texas Crim. Rep., 488.

This court has also, in many decisions, held that when subsequent elections are held in the same territory and result in prohibition again being carried and put in force, offenses thereafter committed in that same territory can be prosecuted under either election, and that the State has the right to choose under which election the offense shall be prosecuted. We cite only some of the cases on this point: Massie v. State, 52 Texas Crim. Rep., 548; Combs v. State, 55 Texas Crim. Rep., 332; Johnson v. State, 53 Texas Crim. Rep., 340; Wade v. State, 53 Texas Crim. Rep., 184; Wade v. State, 52 Texas Crim. Rep., 608; Wade v. State, 52 Texas Crim. Rep., 619; Hood v. State, 52 Texas Crim. Rep., 524. But in all cases so decided, the penalty for a violation of said prohibition law was the same under each of said elections. However, in the case of Enriquez v. State, 60 Texas Crim. Rep., 580, this court held that when such subsequent election was had and the law thereby put in force, making the sale a felony, when the previous election and law thereby put in force made it a misdemeanor, the State had no longer an election to prosecute under either election, but must prosecute under the latter, because the penalty had been changed.

It is true that if no other election had been held in said justice precinct, while it was a part of Nueces County, and no election had been held in that part of said justice precinct which was cut off and made a part of Jim Wells County, after the latter county was properly organized, prosecutions under the law as put in force in 1877 in said justice precinct would still be in force, and a prosecution could be had in Jim Wells County if the sale was made in that part of the justice precinct which had been made a part of Jim Wells County. Still we can not believe the Legislature intended that Jim Wells County, after its or-

ganization, could not thereafter in any of its proper subdivisions hold an election and put the law in force as it existed at the time of said election, even though the territory embraced therein should be only part of the territory embraced originally in said justice or any other part of the territory cut off from Nueces County. In other words, we are of the opinion that when the Legislature created Jim Wells County and it was properly organized it could then hold a prohibition election in any part of its territory authorized by law, and if prohibition carried and the penalty at the time was different from what it had theretofore been in that part of the original county, such election and law with the increased penalty would then go into effect, even though such territory embraced only a part of the same territory where the original election had been held; and that the law by such latter election then put in force, would control and supersede such law as theretofore was put in force while the territory was part of the other county.

This leads to the conclusion that appellant's contention that the alleged crime was a felony and not a misdemeanor and could be prosecuted by indictment only in the District Court, and not by complaint and information in the County Court, is correct and results in the reversal and dismissal of this cause, which is hereby ordered.

*Reversed and dismissed.*