The judgment of the lower court is therefore affirmed.

---

Ex parte CHAPMAN. (No. 4670.)

(Court of Criminal Appeals of Texas. Nov. 7, 1917.)

FINES ⊂⊃15—WORKING OUT FINE—IMPRISONMENT FOR TERM AMOUNTING TO MORE THAN FINE.

Where relator was convicted of a misdemeanor, fine and costs amounting to $52.70, and his father paid $10 of the amount, and he remained in jail about 19 days, except half of the day following granting of writ of habeas corpus at his instance, when he was at work on the town streets, having been ordered by the county judge to wait on a lunatic in the jail 5 or 6 days of the time while incarcerated, relator is entitled to his discharge, under the statute entitling him to $3 a day for his confinement unless the proper county authorities hired him out as a convict or required him to do work as stipulated in the statute.

Appeal from Rains County Court; W. E. Rabb, Judge.

Habeas corpus on behalf of Cecil Chapman. From a finding refusing to discharge relator, he appeals. Finding reversed, and relator's discharge from custody ordered.

E. B. Hendricks, Asst. Atty. Gen., for the State.

DAVIDSON, P. J. The relator was convicted of a misdemeanor; the fine and costs amounting to $52.70. This occurred on the 2d day of July, 1917. On July 20th he applied for a writ of habeas corpus, which was granted, and set down for the following day. Upon hearing he was remanded to custody. On the 2d of July, the day of conviction, he filed a pauper's affidavit of his inability to pay the fine and costs. He remained in jail, except one-half of the day of July 21st, the day following the granting of the writ, when he was at work on the town streets. He was employed, or ordered by the county judge, to wait on a lunatic in the jail 5 or 6 days of the time while incarcerated.

Under the unbroken line of decisions, as we understand them, relator is entitled to his discharge. He has been in jail, with the exception of half a day, so far as the agreed statement of facts is concerned, from the time of his conviction to the time of the rendition of the judgment, and, of course, is still in jail. Under the statute, the predicate which forms the basis of his affidavit, he was entitled to $3 a day, unless the proper county authorities hired him out as a convict or required him to do work as stipulated in the statute. This was not done. These matters devolve upon the county authorities. His objection to working on such improvements, or to do the work required of him by the authorities, or be taken out as a convict under proper bond, is a thing which he cannot resist. He is under the law bound to obey the authorities with reference to those matters in accord with the statute.

It is also agreed in the statement of facts that his father paid $10 of the fine and costs, which would reduce it to $42.70. He was in jail about 19 days, which amounted to $57 at $3 a day. It is also stated in the agreed facts that his father offered to pay the fine and costs for relator, if relator would promise he would not get into any more trouble voluntarily, which relator declined. If his father had paid the fine and costs, the judgment would have been settled; but this was not done. The declined offer did not substitute the law. We are of opinion that the court should have discharged relator.

This court, therefore, will reverse the finding of the trial court, and order the discharge of the relator from custody.

---

FLORES v. STATE. (No. 4647.)

(Court of Criminal Appeals of Texas. Nov. 7, 1917.)

1. INDICTMENT AND INFORMATION ⊂⊃159(3)—AMENDMENT OF INDICTMENT—TIME—STATUTE.

Under Code Cr. Proc. 1911, arts. 476, 597–599, providing that an indictment shall not be held insufficient, etc., by reason of any defect or imperfection of form not prejudicing substantial rights, etc., and that any matter of form may be amended, etc., in a prosecution for unlawfully selling intoxicants in prohibition territory, where defendant moved to quash the indictment for failing to allege when the prohibition election was held in the county and when prohibition went into effect, whereupon the district attorney moved for leave under the court's direction to amend the indictment by inserting the date on which the election was held, the court properly permitted the district attorney so to amend the indictment by inserting the date before there was any announcement to try the case on its merits, and properly overruled defendant's motion to quash.

2. CRIMINAL LAW ⊂⊃814(3)—INSTRUCTION—FAILURE TO DEFINE FELONY IN CHARGING ON JURY'S RIGHT TO SUSPEND SENTENCE.

In a prosecution for illegally selling intoxicants in prohibition territory, where the proof without contradiction showed defendant had never been convicted of felony, court's failure to tell jury what a felony was, when it charged that, if they found defendant had never been convicted of a felony, they might recommend that his sentence be suspended, was not error.

3. INTOXICATING LIQUORS ⊂⊃239(1)—TRIAL—INSTRUCTIONS—DEFINING OFFENSE.

In such prosecution, it was not error for the court, in charging, to fail to define the offense of selling intoxicating liquors in violation of the local option law, and to tell the jury what offense defendant was charged with, though it is customary for judges to first tell the jury of what offense defendant is accused,

---

and to give the statutory provision denouncing such offense.

**4. CRIMINAL LAW ☞723(4) — TRIAL—ARGUMENT OF PROSECUTING ATTORNEY—THREATENING JURY.**

In such prosecution, the prosecuting attorney's language in argument to the jury, "If you don't convict the defendant, I am going to have you indicted and sent to the penitentiary for perjury," under rules 39, 41, and 121 of the Supreme Court, imposing the duty on counsel to confine their arguments strictly to the evidence and argument of opposing counsel, and on the court to exercise his authority in enforcing the rules, was improper, and called for rebuke by the court, and a special charge instructing the jury to disregard it.

Prendergast, J., dissenting.

Appeal from District Court, Reeves County; Chas. Gibbs, Judge.

Octabiano Flores was convicted of unlawfully selling intoxicating liquor in prohibition territory, and he appeals. Reversed.

Ben Palmer and Howard & Cooke, all of Pecos, for appellant. E. B. Hendricks, Asst. Atty. Gen., for the State.

MORROW, J. This conviction was for the unlawful sale of intoxicating liquor in territory where the sale thereof is prohibited. The penalty assessed was confinement in the state penitentiary for three years.

[1-3] In the attached opinion the conclusions reached are acquiesced in, except that with reference to the complaint of the argument of the prosecuting attorney. This officer used the following language in his argument to the jury:

"If you don't convict the defendant in this case, I am going to have you all indicted and sent to the penitentiary for perjury."

The court, on objection by appellant to the impropriety of this argument, verbally stated that he sustained the objection. He failed to reprimand the attorney making the argument, and subsequently refused a special charge, prepared by appellant, instructing the jury to disregard it. The right of argument, its scope, and the consequences of its abuse, have been the subject of many discussions in the opinions of this court. It is a privilege accorded by the statute. The Supreme Court, acting under a provision of the Constitution permitting it to make rules for the government of the district court, has imposed the duty upon counsel to confine their arguments strictly to the evidence and argument of opposing counsel, and upon the court to exercise his authority in the enforcement of these rules. Rules 39, 41, and 121, Supreme Court. The purpose of these rules is to insure a fair trial, and to maintain the dignity and decorum of the court. Willis & Bros. v. McNeill, 57 Tex. 465. 1 Thompson on Trials, p. 814, § 965, says:

"The largest and most liberal freedom of speech is allowed, and the law protects him in it. The right of discussing the merits of the cause, both as to the law and the facts, is un-

abridged. The range of discussion is wide. In his address to the jury it is his privilege to descant upon the facts proved or admitted in the pleadings; to arraign the conduct of the parties; to impugn, excuse, justify, or condemn motives, so far as they are developed in evidence, assail the credibility of witnesses when it is impeached by direct evidence, or by the inconsistency or incoherence of their testimony, their manner of testifying, their appearance upon the stand, or by circumstances. His illustrations may be as various as the resources of his genius; his argumentation as full and profound as learning can make it; and he may, if he will, give play to his wit, or wings to his imagination. To this freedom of speech, however, there are some limitations. His manner must be decorous. All courts have power to protect themselves from contempt, and indecency in words or sentences is contempt. This is a matter of course in the courts of civilized communities, but not of form merely. No court can command from an enlightened public that respect necessary to an even administration of the law without maintaining in its business proceedings that courtesy, dignity, and purity which characterize the intercourse of gentlemen in private life."

Our Supreme Court, in the case of Thompson v. State, 43 Tex. 274, said:

"Zeal in behalf of their clients, or desire for success, should never induce counsel in civil causes, much less those representing the state in criminal cases, to permit themselves to endeavor to obtain a verdict by arguments based upon any other than the facts in the case and the conclusions legitimately deducible from the law applicable to them."

[4] The lapse of time has not marred the wisdom of this statement. It is as pertinent to the trial to-day as it was apt at the time it was uttered. Argument such as that quoted in the bill calls for rebuke by the trial judge. 1 Thompson on Trials, § 958, p. 801; Willis v. McNeill, 57 Tex. 465; Burrell v. State, 62 Tex. Cr. R. 636, 138 S. W. 707; Jenkins v. State, 49 Tex. Cr. R. 457, 93 S. W. 726, 122 Am. St. Rep. 812; Crawford v. State, 15 Tex. App. 501; Rushing v. State, 62 Tex. Cr. R. 311, 137 S. W. 372; Brailaford v. State, 71 Tex. Cr. R. 114, 158 S. W. 541; Hatch v. State, 8 Tex. App. 416, 34 Am. Rep. 751; Crow v. State, 33 Tex. Cr. R. 264, 26 S. W. 209; Brazell v. State, 33 Tex. Cr. R. 333, 26 S. W. 723; Henry v. State, 30 S. W. 802; and Hemphill v. State, 72 Tex. Cr. R. 644, 165 S. W. 462, 51 L. R. A. (N. S.) 914, wherein the court expresses regret that it is again called upon to reverse the judgment upon the sole ground of improper argument. The ruling in this court is that where an argument is improper and likely to result in injury to the appellant, which injury may be avoided by an instruction to the jury, that the failure of the court to so instruct the jury upon request of appellant requires a reversal. Branch's Ann. P. C, § 362, and cases cited. And it is held that, if an argument is of such a nature as to be obviously hurtful and prejudicial, it will result in reversal, even though an instruction to disregard it is given. Smith v. State, 44 Tex. Cr. R. 142, 68 S. W. 995, 100 Am. St. Rep. 849; Mc-

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Kinley v. State, 52 Tex. Cr. R. 182, 106 S. W. 342; Smith v. State, 55 Tex. Cr. R. 569, 117 S. W. 966. The threat of the district attorney to cause the indictment of the jurors for perjury if they acquitted the accused, it would seem, would come within the class disclosing obvious injury; at least it was such a breach of the decorum of the court and offense against its dignity as required rebuke; it was such a blow at appellant's right to have his case tried on its merits as to demand its withdrawal by special charge on request of appellant.

The verdict assessed the extreme penalty authorized by the statute for the offense. In what measure it was brought about or influenced by the threat of the state's representative is a question that cannot be answered, but the facts relating to it are such as to require this court, out of respect of its own interpretation by previous decisions of fundamental and statutory rights of the accused to a fair trial, to order a reversal of the judgment.

PRENDERGAST, J. (dissenting). On May 16, 1917, the grand jury of Reeves county indicted appellant for making an unlawful sale of intoxicating liquor to Ronald Roberson on May 11, 1917, after an election had been held in said county, in accordance with the law to determine whether or not the sale of intoxicating liquors should be prohibited in said county, and such election had resulted in favor of prohibition, and the commissioners' court of said county had duly made, passed, and entered its order declaring the result of such election, and absolutely prohibiting the sale of such liquors in said county as required by law, and the county judge of said county had caused said order to be published in the manner and form and for the length of time required by law. We have omitted the preliminary allegations about the organization, etc., of the grand jury, and while we have not quoted the language of the indictment following we have given in full the substance thereof.

The cause was tried on May 23, 1917. The evidence is very short and to the point. It was agreed by both parties that said election was ordered by the commissioners' court on September 9, 1911, and that the prohibition of the sale of intoxicating liquors in said county was in effect, "and was at the time this sale occurred." The purchaser, Ronald Roberson, testified positively that he knew the defendant and had known him 5 or 6 years; that about May 11, 1917, he bought a half quart of whisky from him, and paid him $1.25 therefor, and that this occurred in a pool hall in the Mexican town in said state and county; that Mose Buchanan was with him at the time he bought the whisky from appellant. Mose Buchanan swore that he was present, and that said Roberson bought from appellant said whisky and paid

198 S.W.—37

him $1.25 therefor. There was no testimony whatever from any source disputing the testimony of these two witnesses. They were in no way impeached or attempted to be impeached.

Appellant introduced one witness, the county judge, who swore that he had known him some fourteen years, ever since he was quite a small boy, and that he had never been convicted of a felony in that county or anywhere else. This witness swore that he was not acquainted with his reputation as a peaceful, law-abiding boy, and therefore could not qualify and did not testify as to his reputation in this respect. Another witness did testify that he did not know that he could state that he knew his general reputation in the respect inquired about, because he had never known of him being in any trouble, but that so far as he knew his general reputation in the particular stated was good. He further swore that he had never been convicted of a felony that he knew of. His father swore that appellant was 23 years old and that he had never been sent to the penitentiary. The state introduced the sheriff and a deputy, who each swore that they had known appellant for many years and they knew his reputation for peace and quietude—that it was bad. The sheriff swore he had never been convicted of a felony in that county. There was no testimony by any witness showing, or tending to show, that appellant had ever been charged or convicted for any offense. Appellant pleaded for a suspended sentence.

Appellant made a motion to quash the indictment on the ground that it failed to allege when the prohibition election was held in said county and when prohibition went into effect therein. Whereupon the district attorney made a motion for leave, under the direction of the court, to amend the indictment by inserting the date therein on which said election was held, and the court thereupon permitted him to amend the indictment by inserting the date, September 9, 1911. Appellant objected to the court permitting this amendment. After this amendment was made under the leave and direction of the court, and before there was any announcement to try the case upon its merits, the court overruled the motion to quash the indictment. All this action by the court was correct and shows no error.

Both before and after the passage of the statute in 1909 making it a felony to sell intoxicating liquors in prohibition territory it has uniformly been held that the failure or omission of an indictment to allege the date of the prohibition election, or when prohibition was put into effect, was no ground to quash the indictment; and it has further been uniformly held that since the passage of the act making it a felony to sell intoxicating liquors in prohibition territory, if the sale alleged to have been made was

after such statute went into effect, that such offense alleged, whether by indictment or information, was legally presumed to allege a felony. Enriquez v. State, 60 Tex. Cr. R. 580, 132 S. W. 782; Coy v. State, 59 Tex. Cr. R. 380, 128 S. W. 414; Nobles v. State 71 Tex. Cr. R. 122, 158 S. W. 1133; and cases therein cited; Sandaval v. State, 72 Tex. Cr. R. 368, 162 S. W. 1148; Garner v. State, 62 Tex. Cr. R. 525, 138 S. W. 124; Lewis v. State, 73 Tex. Cr. R. 16, 163 S. W. 705. It is unnecessary to collate the many other decisions holding the same.

Article 598, C. C. P., expressly provides that:

"Any matter of form in an indictment or information may be amended at any time before an announcement of ready for trial upon the merits by both parties."

The next article prescribes that such amendments shall be made with the leave and under the direction of the court. Article 597 prescribes that:

"When the exception to an indictment or information is merely on account of form the same shall be amended, if decided to be defective, and the cause proceed upon such amended indictment or information."

Article 476 prescribes that:

"An indictment shall not be held insufficient, nor shall the trial, judgment or other proceedings thereon be affected, by reason of any defect or imperfection of form in such indictment which does not prejudice the substantial rights of the defendant."

This court has held uniformly, and in a large number of cases, that the date on which a prohibition election was held and the law thereby put in force is at most a matter of form in both an information and indictment, and may be amended so as to allege the correct date, as was done, under the statute, in this case. Hamilton v. State, 65 Tex. Cr. R. 511, 145 S. W. 348, and cases cited; Meyer v. State, 65 Tex. Cr. R. 587, 145 S. W. 919; Dobson v. State, 65 Tex. Cr. R. 637, 146 S. W. 546; Mealer v. State, 66 Tex. Cr. R. 144, 145 S. W. 353; Crawford v. State, 66 Tex. Cr. R. 440, 147 S. W. 229; Ferguson v. State, 66 Tex. Cr. R. 427, 147 S. W. 239; Snell v. State, 68 Tex. Cr. R. 1, 150 S. W. 615; Johnson v. State, 70 Tex. Cr. R. 583, 157 S. W. 1196. It has uniformly been held that allegations as to the court and term at which an indictment was presented are matters of form, and may be amended. Many other matters have been held defects of form, and can be amended. See notes in 2 Vernon's Crim. Statutes, p. 301.

Like the statement of facts, the charge of the court was short and to the point. After giving the style and number of the cause and the court and term, it is as follows:

"Gentlemen of the jury, if you find from the evidence that the defendant Octabiano Flores, sold a bottle of whisky to Ronald Roberson on or about the 11th day of May, 1917, in Reeves county, Texas, as charged in the indictment, then you will find the defendant guilty.

"If you find the defendant guilty, you will assess his punishment at confinement in the penitentiary for not less than one nor more than three years.

"If you find the defendant guilty, and you further find that the defendant has never been convicted of a felony, you may recommend that his sentence be suspended.

"The defendant is presumed to be innocent until his guilt is established by competent evidence beyond a reasonable doubt, and if you have a reasonable doubt of the defendant's guilt you will acquit him.

"You are the exclusive judges of the credibility of the witnesses, of the weight to be given to the testimony, and of the facts proved; but the law applicable to this case is herein given you, and you will be governed thereby."

Appellant objected to this charge, first, because it failed to properly instruct the jury upon the suspended sentence law, and did not define a felony, nor explain what kind of an offense it takes to constitute a felony. As shown above, the proof was positive and undisputed that he had never been convicted of any felony anywhere. There is not an intimation in the record that he had ever been prosecuted for, or convicted of, any offense whatever. The court specifically, but briefly, told the jury that if they found him guilty, "and you further find that the defendant has never been convicted of a felony, you may recommend that his sentence be suspended." We do not see that a failure or refusal of the court to tell the jury what a felony was could have in any way materially affected the defendant. It was immaterial to the jury what is a felony offense, because the proof without contradiction showed he had never been convicted of a felony; hence the failure of the charge to define a felony presents no error.

The second objection to the court's charge was because it failed to define the offense of selling intoxicating liquors in violation of the local option law, and did not tell the jury what offense he was charged with. It is customary for judges in their charges to first tell the jury with what offense an appellant is accused, and to give the statutory provision prescribing such an offense. But it has never been held by this court that the omission of such matters in a charge was reversible error. In fact, as stated by Judge White in his Ann. C. C. P. § 791, such statements cannot properly be considered a part of the charge and such is the holding of this court. McGrew v. State, 31 Tex. Cr. R. 336, 20 S. W. 740; Wolfforth v. State, 31 Tex. Cr. R. 398, 20 S. W. 741. And Judge White cites cases in his notes where even mistakes in such matters were held not reversible error.

The statute prescribing this offense is plain and brief to the effect that, if any person shall sell intoxicating liquor in any county in which the sale of such liquor has been prohibited, he shall be punished, etc. How it could have enlightened the jury in any regard to have told them this we fail to see. He required them to find from the evidence the sale was made which made him guilty of the offense, in order to convict him. In other

words, he told them that, if they found from the evidence that the appellant sold a bottle of whisky to Ronald Roberson on or about the date alleged as charged in the indictment, then to find him guilty. As stated, this one fact which constituted the offense was proven by the positive testimony of two uncontradicted witnesses, who were in no way impeached. It was unnecessary to use any other language, or elaborate the matter in any way to the jury. The refusal of neither of appellant's special charges presents error.

The appellant objected to this remark by the district attorney, in his opening argument to the jury:

"If you don't convict the defendant in this case, I am going to have you all indicted and sent to the penitentiary for perjury."

Appellant promptly objected to this, and the court as promptly sustained the objection, and at the time verbally instructed the jury not to' consider said remark of the district attorney. He did not, however, reprimand the district attorney. The appellant then prepared a special charge in writing so instructing the jury. For some reason, not disclosed, the judge refused or failed to give that charge. He should have given this charge. But, under the circumstances and proof in this case, does the said remark and the refusal to give said special charge present reversible error? No other verdict should, or legally could, have been found by the jury than that of guilty. The remark of the district attorney was alone as to his guilt. It in no way insisted on or suggested assessing the amount of punishment. If it had been anything in the way of insisting upon a higher punishment than the lowest, it would present reversible error; but under the circumstances, as it does not do this, it does not require a reversal.

The judgment should be affirmed.