## A. E. AARON V. THE STATE.

*No. 508. Decided January 30.*

1. **Local Option—Posting Notices of Election for.—**Under the Act of 1887, with regard to local option elections, it is made the duty of the clerk to post the notices for said election after an order for the election has been made by the Commissioners Court, and it is not necessary that said order should authorize or command him to do so. Nor does the Act of 1893 require that the order of election should authorize or command the clerk to post said notices.

2. **Precinct Local Option Not Repealed by County Election, When.—**Where local option has been legally adopted in a justice precinct, a subsequent election ordered and held for the entire county, at which local option for the county is defeated, does not repeal nor abrogate local option in said precinct.

3. **Same—Repeal by Subsequent Statutes—Construction of Statutes.—**When an election for local option has been held in conformity with existing law, a subsequent law simply changing the mode and manner of holding such election is prospective only as to future elections, and does not have a retroactive operation so as to repeal the local option previously adopted.

4. **Same.—**The local option act of 1887, in so far as it relates to penalties for its violation, is not repealed by the local option act of 1893. Following Ex Parte Segars, 32 Texas Criminal Reports, 553.

APPEAL from the County Court of Ellis. Tried below before Hon. D. F. SINGLETON, County Judge.

This appeal is from a conviction for a violation of the local option law, in Justice Precinct No. 8 of Ellis County, the punishment assessed being a pecuniary fine of $25 and twenty days' imprisonment in the county jail.

No statement is necessary, inasmuch as the facts pertaining to the questions decided are sufficiently stated in the opinion.

*Stillwell H. Russell,* for appellant, submitted the following propositions, upon which he insisted that the judgment should be reversed and the cause dismissed:

1. The court erred in admitting the order of August 10, 1891, submitting the election, for the reasons: (1) It does not require or authorize the notice of such election to be posted in said precinct. (2) The order is functus officio, because of an election held more than two years subsequent, under order of the same court, which resulted against prohibition anywhere in Ellis County.

2. The court erred in admitting in evidence the proof relative to the election in 1891, for the reason, that the local option law of 1893 repealed the law of 1887, under which the alleged election of 1891 was held.

3. The court erred in refusing to allow appellant to prove that the local option was defeated in Ellis County by an election held in 1894, whereby local option in precinct 8 was repealed, not only by such election in 1894, but was repealed by the repeal of the law of 1887, under which the election of 1891 was held, and the orders of the Commissioners Court of 1891 were made.

4. The conviction is unwarranted, because the law of 1893, which repealed the law of 1887, fails to provide and define a penalty for a violation of its provisions. (1) The penalty prescribed by law of March 30, 1887, viz., article 378, which is an amendment of the former article of the Revised Statutes, is not applicable to the law as defined in the statute of 1893. (2) Article 378, Act of 1887, simply punishes the sale in a county, precinct, city, or town, or the gift with the purpose of evading the law; while article 3239, Act of 1893, seeks to punish any person who shall * * * "sell, exchange, or give away, with the purpose of evading the provisions of this title, any intoxicating liquors whatsoever, or in any way violate any of the provisions of this title, * * * shall be punished as prescribed in the Penal Code."

5. The court erred in not arresting the judgment, because the indictment is not based upon a valid and subsisting law, and because the indictment fails to charge an offense against the law.

An able argument was filed by the counsel in support of these propositions, which the Reporter regrets that he can not abbreviate without destroying its force, and which he can not reproduce in its entirety, owing to want of space.

*Mann Trice*, Assistant Attorney-General, for the State.—1. It was unnecessary for the order of the Commissioners Court ordering an election in precinct 8, in Ellis County, on August 10, 1891, to show that notices of the election were ordered to be posted.

Article 3229, Revised Statutes, Act of 1887, in substance provides, that the order for an election is only required to show two things, viz: (1) That the election was ordered to be held at a regular voting place or places, upon a day not less than fifteen days nor more thirty days from the date of said order. (2) The order thus made should express the object of such election.

Article 3230, Act of 1887, requires the clerk of the County Court to post, or cause to be posted, at least five copies of said order at different places in the proposed limit, for at least twelve days prior to the date of said election. This is directory to the clerk, made so by the terms of the law. To incorporate this provision in an order made under article 3229, is entirely superfluous and unnecessary.

2. Appellant's second assignment of error, in substance, contends that the local option law of 1893 repealed the law of 1887, under which the election in said precinct number 8 was held, and therefore the local option law was not in force at the time of the alleged violation.

Under repeated decisions of this court, this contention has been settled against the appellant. Dawson's case, 25 Texas Crim. App., 670; Lawhon v. The State, 26 Texas Crim. App., 101.

As stated by Judge Willson: "They, the qualified voters, enacted the law; it is their creature, called into existence by their direct agency, and they alone have the supreme and exclusive power, by a majority

vote, to repeal it. It is not in the power of the Legislature to add to or take from it in any manner, or infringe upon the law as adopted by the will of the voters; or even, in our opinion, to repeal it in that particular locality. Whenever the law has been adopted in any particular locality, the subject has passed beyond the domain of legislative action; so that a different law can not, without the sanction of the qualified voters of that locality given in a legal manner, be imposed upon such locality." Dawson's case, 25 Texas Crim. App., 675.

3. Appellant's third assignment of error attacks the ruling of the court for refusing to allow appellant to prove that the local option law was defeated in Ellis County by the election held in 1894; contending, that because the election ordered in 1894 failed to put local option in force in the entire county of Ellis, that thereby local option was repealed in precinct number 8 in said county. In the case of Ex Parte Cox, 28 Texas Criminal Appeals, 537, this contention is settled against appellant.

4. The penalty is sufficiently prescribed and fixed by reference to article 378, Penal Code. Ex Parte Segars, 32 Texas Crim. Rep., 553.

HURT, PRESIDING JUDGE.—Appellant was convicted of selling liquor in a local option precinct in Ellis County. The State introduced in evidence the order for the election in precinct 8 of said county. To its admission appellant objected, upon the ground that said order did not require or authorize the posting of notices of such election in said precinct. This election was held under the law as amended by the Act of 1887. By that act, it is not necessary that the order for such election shall contain anything in regard to the notices to be posted preliminary thereto. The order being made, the law makes it the duty of the clerk of the County Court to post or cause to be posted such notices. His authority was full and complete, and this duty was imposed upon him by the statute, without being authorized or commanded to do so in the order for the election.

It is contended by counsel for appellant, that the Act of 1893 requires the order for the election to expressly authorize or command the clerk to post such notices. Two answers to this proposition may be made: (1) This election was not held under the Act of 1893; (2) said act does not require the order to contain any such matter. Acts 1893, pp. 48, 49, sec. 3229. It appears from the record, that before the sale was made an election had been held under the Act of 1893 for the entire county, which resulted in the defeat of prohibition. It is contended this defeat abrogated the law in precinct 8. In other words, if local option is legally in force in a precinct, made so by election in that precinct, that a subsequent election, held for the entire county, resulting against prohibition, has the effect to repeal or abrogate local option in that said precinct. To this proposition we can not agree. By reference to the various provisions of the local option statutes, we are informed that the people of the entire county can not express their

views upon this subject so as to defeat or repeal local option in any subdivision of the county. Nor can the people of a precinct by vote defeat prohibition in any subdivision of that precinct, town, or city. The county may force prohibition by a vote over precincts which are not in favor of it, and so may a precinct over cities, towns, or subdivisions thereof that may not be in favor of it, but can not force, by vote, repeal of it in any town, city, or subdivision thereof. The people of the county, outside of the territory to be affected, have no right to vote at all as to the law in that subdivision. Again, the people of the county have never voted on the proposition that local option should or should not prevail in precinct 8. They voted on the proposition whether prohibition should prevail in the whole county. A great many voters might oppose prohibition for the county, and yet heartily support it for precincts in which they have no police force, as well as for other reasons sufficiently cogent to their minds.

Counsel contend the election was void in precinct 8, because not conducted under the Act of 1893. There is no contention that it was not held strictly in compliance with the law in force at the time the election was held. We do not concur in this view. If counsel be correct, every officer elected for a term of years would be deprived of his office should the Legislature change or modify the laws relating to elections during the term. We understand the amendments to the local option law simply provided for the manner of holding these elections from the time the law went into effect as to future elections, and did not relate to previous elections, nor have a retroactive operation, so as to repeal local option wherever it then existed. If counsel be correct in these propositions, then local option was repealed wherever throughout the State it prevailed when the Act of 1893 went into effect, unless they were held in conformity with a law that did not exist. It is also contended, that the Act of 1893 repealed the Act of 1887 in so far as it relates to punishment for violating the local option law. This is not well taken, as held in Ex Parte Segars, 32 Texas Criminal Reports, 553. Besides, the punishment for violating this law in a precinct was most clearly fixed by law at the time the sale herein occurred.

The judgment is affirmed.

*Affirmed.*

Judges all present and concurring.