### Ex Parte W. R. Elliott.

#### No. 2513. Decided March 18, 1903.

**1.—Local Option Election.**

Where local option has been adopted for an entire justice precinct, it can not be repealed by subsequent legislative enactment as to any precinct of the territory embraced in said precinct, by the creation of a new school district subdivision partly including such justice precinct together with other territory.

**2.—Same—Legislative Amendment.**

The Legislature has no power to repeal the local option law in force in any given territory; this can only be done by the voters living in that territory, and the law in force in the given territory will stand as at the time it was voted into operation despite subsequent amendments to the law by legislative enactment. It can only be repealed by a vote of the entire people who put it into operation.

**3.—Same.**

A justice precinct in which local option is in force can not be subdivided and the law repealed by piecemeal under elections held in such subdivisions.

**4.—Same—School District.**

To be valid, a local option election for a school district must be valid and operative as to the entire school district; otherwise, it is inoperative and void.

From Grayson County.

Original application for habeas corpus for discharge from arrest for violating local option.

The opinion states the case.

*Smith, Templeton & Tolbert,* for relator.—1. When local option has been adopted in a justice precinct, an election ordered and held in a part of the precinct, less than the whole, is without authority and is null and void.

2. An election ordered held in a subdivision of a county to determine whether or not intoxicating liquors shall be sold in such subdivision when such subdivision divides an incorporated town, is prohibited by law and is null and void.

3. So much of article 3384, Revised Statutes, as provides for prohibition elections in school districts was enacted after February 1, 1892, and has no application to justice precinct No. 3 of Grayson County, nor any part of it.

4. Article 3384, Revised Statutes, in giving to the people of a school district the right to determine by vote whether or not liquor shall be sold in such school district, gives not an absolute right, but a qualified right subject to the existence of other local laws, and subject to the provisions of article 3390, Revised Statutes.

5. So much of article 3384, Revised Statutes, as designates school districts as subdivisions of counties in which prohibition elections may be held is violative of the provisions of article 16, section 20, Constitution. Const., art. 16, sec. 20; Rev. Stats., arts. 3384, 3390, 3393, 3395; Whisenhunt v. State, 18 Texas Crim. App., 497; State v. Harvey, 33 S. W. Rep., 885; Adams v. Kelley, 44 S. W. Rep., 529; Kerr v. Riddle, 31 S. W. Rep., 328; Raby v. State, 57 S. W. Rep., 651; Ex parte Cox, 28 Texas Crim. App., 537; Ex parte Brown, 35 Texas Crim. Rep., 442; Kidd v. Truett, 68 S. W. Rep., 311.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Applicant was arrested under complaint and information charging him with violating the local option law in school district No. 54, Grayson County. Having been arrested, he resorted to the writ of habeas corpus, which was granted by this court. The facts are agreed upon, and show that on February 1, 1892, local option went into effect in justice precinct No. 3 of Grayson County, and has been in effect since that time, and is still in effect; that on February 1, 1902, ten years after the law went into effect in justice precinct No. 3, the said law was put into effect in said school district No. 54. That in justice precinct No. 2, which is divided from justice precinct No. 3 by an imaginary line under the order of the commissioners court, local option is not now, and never has been, in force; that school district No. 54 is partly in justice precinct No. 3 and partly in justice precinct No. 2. That within the limits of said school district No. 54 is the incorporated town of Bells; that the town of Bells is divided from east to west by the Texas & Pacific Railway; that the portion lying north of the railroad is in justice precinct No. 2, and that lying south of said railroad is in justice precinct No. 3, and was so situated on December 9, 1901, when the election was ordered for school district No. 54; that portion lying south of the Texas & Pacific Railway is in Dugganville voting precinct, and in justice precinct No. 3; that lying north of said railroad is in Bells voting precinct, and in justice precinct No. 2; and that school district No. 54 includes all of the town of Bells, as well as other territory besides that included within the incorporated limits of the town. It is further agreed that applicant sold intoxicants to Tom Ferguson within said school district No. 54.

There are several questions presented for revision. It is contended the election in school district No. 54 is invalid because, under the law as it then existed, such subdivisions as school district No. 54 were unknown, and, under this condition, the law was put into operation in the entire justice precinct No. 3, and that no subsequent legislation could affect the law as in force in justice precinct No. 3; that the Legislature has no power to repeal the law in force in any given territory; that this must be by the voters living in that territory. We believe this proposition sound. Such we understand to be the doctrine of Dawson v. State, 25 Texas Crim. App., 670; Aaron v. State, 34 Texas Crim. Rep., 103; Adams v. Kelley (Texas Civ. App.), 44 S. W. Rep., 530. The fact that the Legislature may alter the provisions of the local option law can not affect territories in which the law is then in force. The law in force in the given territory will stand as its provisions were at the time it was voted into operation, despite subsequent amendments to the law by legislative enactment. The Legislature may amend the local option law; but this ends their power. It takes the vote of the people of a given territory to put it into operation, and it takes the vote of the same people to end its operation. All that portion of school district No. 54 which lies within justice precinct No. 3 was under the operation of the law as it existed on February 1, 1892; therefore the election in school district No. 54 in 1902 could not affect the law as put into operation in justice precinct No. 3, and as to that part of school district No. 54, the election of 1902 was inoperative and void. This being true, it would vitiate the election in that portion of the school district, because under the law it is only for the entire school district that such an election can be held or the law made operative. This would be true whether the act of the Legislature creating subdivisions be valid or invalid. If, under section 20, article 16, of the Constitution, the act of the Legislature undertaking to define subdivisions of a county other than justice precincts, cities and towns, was invalid, then the commissioners court could not order such an election. If it was valid, then it would not relate back so as to affect the territory which was already under operation of the law.

It is suggested that that portion of the act of the Legislature with reference to subdivisions in counties, other than justice precincts, cities and towns, is invalid, at least in part, because the Constitution relegates the matter of subdivisions to the commissioners court, thereby excluding legislative authority in pointing out these subdivisions. This may be true, and that by virtue of the provisions of said article in the Constitution the commissioners court alone may subdivide their county for local option purposes other than justice precincts, cities and towns. However, it is not necessary to decide that question here, for if there were no other objections this law might be sustained upon the theory that the commissioners court had designated this territory by metes and

bounds, and it was as well the act of the commissioners court as that of the Legislature.

By the terms of the law, as in force in 1892, the only way by which the local option law could be repealed in a territory where it was operative, would be by a vote of the entire people of the territory who put it in operation. For instance, where the law had been put into operation in a justice precinct, the only way to repeal that law would be by a vote of that people within that prescribed territory. The justice precinct could not be subdivided and elections held in such subdivisions, and thus, by piecemeal, repeal the law in the justice precincts. The statute provides it must be by vote of the entire justice precinct. To hold otherwise would bring about a state of confusion, and give a construction to the statute which would lead to an absurdity. The law prohibits the repealing of the law in the justice precinct, except by a vote of the entire precinct. If the justice precinct could be subdivided, and an election held in each subdivision resulting against prohibition, then the statute would be of noneffect by indirection, and the law repealed by piecemeal, when it could not be so done by a vote of the entire precinct directly.

There are other questions of interest in the case, but, under the view we take of the record, we believe the question discussed disposes of the matter, and the election was void. The applicant is ordered discharged.

*Applicant ordered discharged.*

Henderson, Judge, absent.

[The State's motion for rehearing was overruled without a written opinion.—Reporter.]