### Zack Medford v. The State.

#### No. 2433.  Decided May 20, 1903.

**1.—Local Option—Change of Boundary of Territory.**

The commissioners court can not change the boundaries of the local option territory so as to render inoperative the law put into operation, while it is in operation, in the particular territory.

**2.—Same.**

The fact that a justice precinct was changed, for judicial purposes, by cutting off a strip, but which did not affect the territory in which the law was violated, would not affect the local option law in the territory not cut off.

Appeal from the County Court of Hamilton.  Tried below before Hon. J. C. Main, County Judge.

Appeal from a conviction of violating local option; penalty, a fine of $25 and twenty days imprisonment in the county jail.

No statement of facts in the record.

No briefs on file for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.  The State submits:  1.  That the commissioners court can not change the boundary line of a justice precinct after the local option law has become operative in said precinct, and while it is in force; for the reason that if said court could change the precinct it could abolish the same or all of the precincts in the county that had adopted local option, and thereby affect the vested rights that the people had in the virtues of prohibition.

2.  That if the commissioners court has the right to change the boundary lines of the precinct after the local option law has become operative in it, and while it is still in force, such change can not possibly affect or repeal the local option law in any part of the territory composing the old precinct; that the law still remains in force in every part of the territory until it has been repealed by subsequent election of the people of that territory.

3.  That there is no variance between the allegations of the information and the orders introduced in evidence; that the allegation in the information of justice precinct No. 3 as used in the information, necessarily means the justice precinct in which the local option law was in operation.

DAVIDSON, Presiding Judge.—Conviction for violating the local option law; the penalty assessed being a fine of $25 and twenty days confinement in the county jail.

The record before us is without statement of facts. By bill of exceptions it is made to appear, sufficiently, perhaps, to raise the question that local option was put into effect in Justice Precinct No. 3 by an election held in December, 1899, and that the law really went into effect about the 23d day of January, 1900. It was conceded, for the purposes of the motion to quash, that the commissioners court changed the boundaries of Justice Precinct No. 3, "by cutting a strip three miles long and one mile wide off the northern portion of said precinct; and that the town of Hico, where this offense, if any, was committed, is now and was in Justice Precinct No. 3, as formerly constituted." The court informed counsel that, for this purpose, he would take judicial knowledge of the fact that this change was made by the commissioners court of the boundaries of Justice Precinct No. 3, and that it occurred subsequent to putting local option in force in said precinct. The change was made in February, 1900, after the law took effect in the preceding January. This prosecution was begun in February, 1902. The contention is that by reason of this change of Justice Precinct No. 3, the local option law as previously put into operation in said precinct was rendered invalid. It is too well settled now for discussion, where local option has been legally put in operation within a specified territory, it must remain in force in that territory until voted out by the qualified voters of that particular territory; that no power—legislative or judicial—has authority to change the boundaries of a local option territory so as to render inoperative the law as put into operation during its pendency in that territory. The same authority that put it into operation must annul. The fact that the commissioners court cut off a strip three miles one way and one mile the other, did not render inoperative the existing local option law. The commissioners court unquestionably have the authority to change the territorial limits of justice of the peace precincts; and they also have authority to create subdivisions for local option purposes. But they have no authority, in any event, to change the territory where the local option law is in effect so as to nullify the operation of that law, or take any portion of such territory from under its operation. The law is operative in the original Justice Precinct No. 3 until voted out; and so far as the local option law is concerned, the justice precinct remained just as it was when local option was voted into operation within its bounds. The fact that it was changed for judicial purposes, would not affect the local option law. This sale occurred in the territory not cut off. The court did not err in overruling the motion to quash. This is the only question in the case. The judgment is affirmed.

*Affirmed.*