## POWELL v. SMITH et al.

### No. 13415.

Court of Civil Appeals of Texas. Fort Worth.

Jan. 17, 1936.

Rehearing Denied Jan. 31, 1936.

Mays & Mays, of Fort Worth, for appellant.

H. C. Wade and Cecil C. Rotsch, Asst. Cr. Dist. Attys., both of Fort Worth, William McCraw, Atty. Gen., and Letcher D. King and Leon O. Moses, Asst. Attys. Gen., for appellees.

MARTIN, Justice.

Appellant, Virdie Powell, sought a writ of injunction, in the Ninety-Sixth district court, to restrain Carl Smith, sheriff of Tarrant county, and his deputies, assistants,

and employees, from seizing a certain stock of liquors and closing plaintiff's place of business where said liquors are stored in the city of Arlington in Tarrant county, Tex., alleging that he had a permit from the state board of liquor control to sell such liquors at such place in all things, in accordance with and in compliance with the laws of the state and the rules and regulations of said board.

The Attorney General of the state, joined by the district attorney of Tarrant county, with the defendant, Carl Smith, sheriff, answered, setting up as a defense the fact that the city of Arlington is in what is called "dry territory," being within justice precinct No. 2 in said county, and that said precinct had voted for local option, or local prohibition, in the year 1902, and that no other precinct election had been held in said precinct since said time, and that it is therefore still "dry" territory, and that the state liquor control board had no authority under the law to authorize the sale of liquor in said precinct.

The matter was presented to the trial judge upon an agreed statement of facts, which is as follows:

"It is hereby agreed by and between counsel for plaintiff and defendants that the following matters are true and correct, and that same are hereby admitted in evidence in above cause, towit:

"1. Verdie Powell, plaintiff, is the owner of the place of business located at 109 West Main Street, in the town of Arlington, and within Justice of the Peace Precinct No. 2 Tarrant County, Texas, together with certain stock of liquors, mechandise, lease and fixtures therein of the reasonable value of $750.00, all such liquors tax paid and legally possessed, and that he is ready and attempting to open up and operate a package liquor store therein as provided by House Bill No. 77, chapter 467, Acts of the Second Called Session Forty-fourth Legislature [1935] of the State of Texas [Vernon's Ann.P.C. art. 666—1 et seq.], and will so do unless prevented by defendant as alleged in his petition.

"2. That plaintiff is a person legally entitled to such permit and complied with any and all laws necessary to obtain the same, and that such permit was duly issued and delivered to him by said Board as alleged in plaintiff's petition, and has never been legally cancelled and is a valid one entitling plaintiff to operate his said store as alleged unless it be found that such place of business was and is located within what is termed as dry area.

"3. That in 1902 said Justice Precinct No. 2 as above mentioned held a local option election to determine whether intoxicating liquors should or not be prohibited therein, and that said election resulted in favor of local option, and no other precinct election in the said Justice Precinct No. 2 has ever been held.

"4. That in 1918 the whole of Tarrant County held a like local option election for the same purpose resulting in favor of such local option in the whole of Tarrant County.

"5. That December 7th, 1935, said Tarrant County again held a local option election to determine whether or not all kinds of intoxicating liquors should be sold or prohibited therein, which resulted against local option, giving the right to sell such liquors within said Tarrant County.

"6. That each and all of such local option elections were duly and legally called and duly and legally held, and each and all were legal in every respect.

"7. That defendant, unless otherwise ordered, enjoined or restrained will prohibit plaintiff from operating said store, and will seize all his liquors, equipment and merchandise therein and close said place of business.

"We agree further that the following is the only question of law involved in this cause:

"1. Is Justice of the Peace Precinct No. 2 of Tarrant County, Texas, located in a wet or a dry area?"

Upon this statement of facts and the law as presented by the parties, the trial court refused to grant the injunction prayed for, and the plaintiff by appeal brings the case to this court for review, and, being advanced here, it was submitted on briefs and oral argument on January 10th last.

The one question here, as in the court below, is whether Arlington is in "wet" or "dry" territory. If "wet," then plaintiff is entitled to pursue his business without molestation on the part of the sheriff and other peace officers; if "dry," then it is the duty of said sheriff and his deputies to enforce the dry laws by such means as the law points out.

 It is the contention of appellant that the election of 1918, when the whole

county of Tarrant became "dry," superseded and annulled the precinct election of 1902, and that therefore, when the county went "wet" in 1935, the precinct local option law no longer existed.

The law seems to be well settled against this contention through many expressions of the appellate courts of this state. Our Supreme Court, in the recent cases of Walling v. King, 87 S.W.(2d) 1074, and Coker v. Kmeicik, 87 S.W.(2d) 1076, both decisions based upon the constitutional amendment of 1933 (article 16, § 20), follows the construction pl2 :ed upon the provisions of the Constitution of 1876, and under that Constitution it was held in an unbroken line of decisions reaching through several decades that, "where local option was adopted in any given locality, by the majority of the voters thereof, it will remain in force until the qualified voters of such particular subdivision decide otherwise in an election held for that purpose." 1 Branch Penal Code, 694–698; Dawson v. State, 25 Tex.App. 670, 8 S.W. 820; Aaron v. State, 34 Tex.Cr.R. 103, 29 S.W. 267; Ex Parte Elliott, 44 Tex. Cr.R. 575, 72 S.W. 837; Ex Parte Fields (Tex.Cr.App.) 86 S.W. 1022; Ex Parte Pollard, 51 Tex.Cr.R. 488, 103 S.W. 878; Medford v. State, 45 Tex.Cr.R. 180, 74 S.W. 768.

The term "local option" had a well-understood meaning, and the decisions of our courts were well known to the people as well as the Legislature of Texas when the present constitutional amendment (article 16, § 20, as adopted in 1935) was submitted, and its very language itself gives assurance to the people of "dry" territory that it would not be construed to interfere with pre-existing local expressions of this "option" of the people. It recognized the fact that a large part of the state was under local option "dry" territory, and that under the well-known construction of the courts must remain so until the very people who adopted it see fit to repeal it. They therefore provided:

"In all counties, justice's precincts or incorporated towns or cities wherein the sale of intoxicating liquors had been prohibited by local option elections held under the laws of the State of Texas and in force at the time of the taking effect of Section 20, Article XVI of the Constitution of Texas, it shall continue to be unlawful to manufacture, sell, barter or exchange in any such county, justice's precinct or incorporated town or city, any spirituous, vinous or malt liquors or medicated bitters capable of producing intoxication or any other intoxicants whatsoever, for beverage purposes, unless and until a majority of the qualified voters in such county or political subdivision thereof voting in an election held for such purpose shall determine such to be lawful." Const. art. 16, § 20, as adopted in 1935.

The decisions are the product of such great minds as Hurt, Willson, Davidson, Ramsay of the Court of Criminal Appeals, Stephens, of this court, German, of the present Commission of Appeals, approved and confirmed by the Supreme Court itself, collated and presented in the able and exhaustive brief of the appellee before us in overwhelming array. And then, when we come to consider the reason and the justice of the question itself, we are bound to see that the better reasoning is with the appellee. The latest expression of the will or option of the people of precinct No. 2 is against the sale of liquor in their precinct. So long as this expression stands unchanged, no Legislatures, no court, no individual should seek to set it aside and hold it for naught—this is the very essence of local self-government.

If sentiment has changed, if the people of the precinct want the sale of liquor legalized there again, the law provides a way and manner by which their will may be registered at an election called for that purpose. Unless and until this is done, we hold that justice precinct No. 2 of Tarrant County is "dry" territory, and therefore affirm the judgment of the learned trial court.