### WALTER JACKSON v. THE STATE.

No. 19803. Delivered June 15, 1938.

The opinion states the case.

*Shelburne H. Glover*, of Jefferson, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

GRAVES, JUDGE.—Appellant was convicted of a violation of the liquor laws of this State, and fined the sum of $100.00.

It appears from the facts in this case that under a search warrant appellant's gasoline filling station was searched by the officers and five and one-half pints of whisky was found secreted therein, and he was charged by indictment with the possession thereof for the purpose of sale.

Bill of exceptions No. 2 seems to us to be without merit and is overruled, and to the same effect and governed by the same ruling is bill of exceptions No. 3.

Appellant complains by proper bill of the trial court's failure to allow appellant's attorney to introduce in evidence the result of an election held on October 30, 1936, for the entire County of Marion, wherein the prohibition of the sale of intoxicating liquors failed to receive a majority of the votes in said county. It is apparent from the indictment herein, and the proof, that this prosecution is based on an election held in and for justice precinct No. 3 of Marion County on January 11, 1910, which election resulted in a prohibition of the sale of intoxicating liquors in such justice precinct, and the status of which terri-

tory had not been changed by the votes of those residing within the bounds of such justice precinct No. 3 since said election in 1910. It has long been recognized by this Court's decisions that when the voters of any justice precinct have, through the medium of an election properly called in and for such precinct, or political subdivision of any county, determined by a majority vote that the sale of intoxicating liquors shall be prohibited in such precinct or other subdivision, that it shall continue to be thus unlawful until the voters of such precinct or subdivision shall determine otherwise. In other words, intoxicating liquors, once having been voted out, can only be voted back by a majority vote of the identical territory that had voted such liquors out. To this effect is our holding in the early case of Aaron v. State, 34 Texas Crim. Rep. 103, 29 S. W. 267, in which Judge HURT said:

"It appears from the record, that before the sale was made an election had been held under the Act of 1893 for the entire county, which resulted in the defeat of prohibition. It is contended this defeat abrogated the law in precinct 8. In other words, if local option is legally in force in a precinct, made so by election in that precinct, that a subsequent election, held for the entire county, resulting against prohibition, has the effect to repeal or abrogate local option in that said precinct. To this proposition we can not agree. By reference to the various provisions of the local option statutes, we are informed that the people of the entire county can not express their views upon this subject so as to defeat or repeal local option in any subdivision of the county. Nor can the people of a precinct by vote defeat prohibition in any subdivision of that precinct, town, or city. The county may force prohibition by a vote over precincts which are not in favor of it, and so may a precinct over cities, towns, or subdivisions thereof that may not be in favor of it, but can not force, by vote, repeal of it in any town, city, or subdivision thereof. The people of the county, outside of the territory to be affected, have no right to vote at all as to the law in that subdivision. Again, the people of the county have never voted on the proposition that local option should or should not prevail in precinct 8. They voted on the proposition whether prohibition should prevail in the whole county. A great many voters might oppose prohibition for the county, and yet heartily support it for precincts in which they have no police force, as well as for other reasons sufficiently cogent to their minds."

To the same effect is the opinion by Judge DAVIDSON in the case of Ex parte Pollard, 51 Texas Crim. Rep. 488, and a long line of decisions upholding the above doctrine.

We also find the case of Powell v. Smith, 90 S. W. (2d) 942, by the Amarillo Court of Civil Appeals, in direct line with the above doctrine wherein it is said:

"Where local option was adopted in any given locality by the majority of the voters thereof, it will remain in force until the qualified voters of such particular subdivision decide otherwise in an election held for that purpose."

Our Supreme Court has also written on the matter in an exhaustive opinion by Justice CRITZ in the case of Houchins v. Plainos, 110 S. W. (2d) 549, and gone into the history of the local option provision in our Constitution. In that case it is conclusively shown that when a proper political subdivision has once voted out intoxicating liquors, such can only legally return by a vote of the same area or subdivision that voted such liquors out of such territory. Such liquor must come back only in the same manner as it went out, regardless of the fact that a larger area, including the lesser dry area, may have voted for its return. Such subdivision will continue to retain its dry status. It follows, therefore, that in the instant case, although an election had been held in October, 1936, for the entire area of Marion County, in which the voters of such county had refused to prohibit the sale of intoxicating liquor therein, nevertheless the sale of such liquor is still unlawful in justice precinct No. 3 of Marion County by virtue of the 1910 election, and the introduction of testimony relative to such county-wide election in October, 1936, was not relevant nor material to any point at issue in this cause.

However, there are complaints made by proper bills relative to the admission of certain testimony of the sheriff and his deputies in which they were allowed to testify that appellant had been theretofore arrested for selling whisky. Also that a deputy sheriff had sent a person into the appellant's place of business for the purpose of purchasing whisky, approximately two years before the date of this alleged offense, and that such person had purchased whisky in appellant's place, and in his presence, and turned same over to the sheriff. These matters are covered by bills Nos. 1 and 4. The appellant did not take the stand, and such testimony was objected to on the ground that it might show a separate and distinct offense than the one herein charged. We are constrained to believe that such testimony was too remote, and that the admission thereof constituted error, and such prejudicial error as to warrant a reversal of this cause. Especially do we think error is shown in bill No. 4, the matters testified to occurring in 1935, more than two years prior to the date of the herein alleged offense. All other

bills have been examined and are overruled. The matter complained of in bill No. 5 seems to have been brought out by appellant, and, therefore, shows no error.

For the errors disclosed in bills Nos. 1 and 4 this judgment is reversed and the cause remanded.