

**THE ATTORNEY GENERAL**

**OF TEXAS**

Austin, Texas

PRICE DANIEL
ATTORNEY GENERAL

August 9, 1948

Honorable Sam Dollahite          Opinion No. V-657
County Attorney
Falls County                     Re: Local option status of area
Marlin, Texas                        separated from a "wet"
                                     precinct and attached to a
Dear Sir:                            "dry" precinct by a Com-
                                     missioners' Court order
                                     changing the precinct
                                     boundaries.

        Your letter requesting an opinion reads, in part, as follows:

        "Justice Precinct 5 of Falls County, Texas
has always been "dry"—Justice Precinct 4 has
always been "wet". The division line between
these two Precincts used to be the Marlin-Chilton
road. Several years ago by order of the Commis-
sioners Court the boundary line of Justice Pre-
cinct 5 was moved from the Marlin-Chilton road
to a line running about 300 yards South of said
road.

        "Up to the time of this order the territory
taken off of Precinct 4 and made a part of Pre-
cinct 5 in said order, had been in the "wet" area.

        "The question involved is whether the order
of the court so changing the boundary prohibits the
sale of beer in that portion of Precinct 4 which was
made a part of Precinct 5 by said order."

        The question for our decision is the effect the annex-
ation of part of a "wet" justice precinct to a "dry" justice pre-
cinct has upon the local option status of the annexed portion. Both
the Constitution and Statutes of Texas contain provisions setting
forth the method for adopting or rejecting prohibition. Subsection
(b) of Article XVI, Section 20, of the Texas Constitution as amend-
ed in 1935 provides:

        "The Legislature shall enact a law or laws
whereby the qualified voters of any county, jus-
tice's precinct or incorporated town or city may
by a majority vote of those voting, determine from
time to time whether the sale of intoxicating liquors

for beverage purposes shall be prohibited or legal-
ized within the prescribed limits; and such laws
shall contain provisions for voting on the sale of
intoxicating liquors of various types and various
alcoholic content." (Emphasis ours)

Pursuant to the above constitutional mandate, the
Legislature in 1935 passed the Texas Liquor Control Act regu-
lating the sale of intoxicating beverages and providing among other
things for the holding of local option elections. These provisions
pertaining to elections are codified as Articles 666-32, et seq.,
Vernon's Penal Code.

Numerous cases have been decided by the Texas
courts in which a part of a "dry" precinct was annexed to a
"wet" precinct, and the courts have uniformly held that the "dry"
portion retained its local option status regardless of the annexa-
tion. See the cases of Medford v. State, 74 S.W. 768; Woods v.
State, 75 S.W. 37; Oxley v. Allen, 107 S.W. 945; Goodie Goodie
Sandwich, Inc. v. State, 138 S.W. (2d) 906. It is obvious that the
same rule would apply to the reverse of the above proposition,
i.e., a portion of a "wet" justice precinct annexed to a "dry"
justice precinct. The answer to this question is to be found in
the language used by the Supreme Court of Texas in the case of
Houchins v. Plainos, 130 Tex. 413, 110 S.W. (2d) 549. In that
case a "dry" area which had formerly been an independent mu-
nicipality (Houston Heights) was annexed to a "wet" city (Hous-
ton). The question for the court's determination was whether or
not that "dry" area which was annexed to the "wet" city had be-
come "wet" solely by reason of the annexation. The court in its
opinion stated:

"When the people of Houston Heights voted to
become a part of the wet city of Houston, they did
not vote on local option at all. This must be true,
because, under the law in effect, when Houston Heights
voted dry, and also under the law in effect when Hous-
ton Heights voted annexation with the city of Houston,
a territory once voted dry could only be voted wet by
strict compliance with the then existing local option
laws. Certainly, such local option laws did not per-
mit local option once voted into effect to be voted off
by merely voting on a collateral matter. A reading
of such statutes clearly negatives such a conclusion.
In this regard, it is settled as the law of this state
that where a power is expressly given by the Consti-
tution, and the means by which, or the manner in
which it is to be exercised, is prescribed, such means
or manner is exclusive of all others. Parks v. West,
102 Tex. 11, 111 S.W. 726. At the time the city of Hous-

ton Heights voted dry, and at the time it was an-
nexed to the wet city of Houston, the local option
laws of this state governed, and governed exclu-
sively the matter of voting upon such question."
(Emphasis ours)

It is our opinion that in so far as the local option
status of an area is concerned, Article XVI Section 20 of the
Constitution of Texas and Articles 666-32, et seq., Vernon's
Penal Code, provide the exclusive method for prohibiting or
legalizing intoxicating beverages.  The mere annexation of a
portion of a "wet" justice precinct to a "dry" justice precinct
does not affect such local option status of the annexed portion.
To hold otherwise would allow the Commissioners' Court alone
to change the local option status, because Article V Section 18
of the Texas Constitution provides for the division by the Com-
missioners' Court of the county into precincts.  The case of
Goodie Goodie Sandwich, Inc. v. State, 138 S.W. (2d) 906, held
that such constitutional provision empowered the Commission-
ers' Court to alter boundaries of precincts within counties. We
quote the following language from that case:

"It cannot be gainsaid that the Commis-
sioners' Court had the power and authority to
define, re-define, change, or alter the boundaries
of precincts within the county, and to ascertain
the facts necessary to the exercise of such pow-
ers; but it does not lie within the power of the
Court to detach "dry" territory from a "dry"
precinct and attach it to a "wet" precinct, there-
by making the detached territory "wet", and al-
lowing the sale, barter and exchange of prohibited
liquors within the detached territory, perforce of
the change."

Therefore, the action of the Commissioners' Court
in attaching a portion of a "wet" precinct to a "dry" precinct
does not serve to prohibit the sale of intoxicating beverages in
the attached territory and the "wet" area remains "wet."

## SUMMARY

The order of the Commissioners' Court of
Falls County attaching a portion of "wet" Justice
Precinct No. 4 to "dry" Justice Precinct No. 5
does not serve to prohibit the sale of intoxicating

beverages in the attached portion, and this attached portion remains "wet." Houchins v. Plainos, 130 Tex. 413, 110 S.W. (2d) 549.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Clarence Y. Mills*

Clarence Y. Mills
Assistant

CYM/b/JCP

APPROVED

*Price Daniel*

ATTORNEY GENERAL