

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

April 12, 1966

Honorable John Lawhon
County and District Attorney
Denton County
Denton, Texas

Opinion No. C-658

Re: When the commissioners
court has enlarged a wet
justice precinct by add-
ing additional territory
to same which was in a
dry precinct, whether the
territory within the
original wet precinct
remains wet, and related
questions.

Dear Mr. Lawhon:

Your letter requesting an opinion of this office reads
as follows:

"Prior to 1935 all Denton County was
dry. In September of 1935, Justice Pre-
cinct Two in Denton County held a local
option election. The area voted to allow
the sale of beer. . . . Since the Justice
Precinct election of September, 1935,
there have been no other elections held
concerning local option for liquor in the
area in question. In 1948, the Commis-
sioners Court of Denton County, reduced
the number of Justice precincts from 8
to 5. As a result the territorial bound-
aries of old Justice Precinct Two were
enlarged in 1948 to include old Justice
Precinct Two plus additional territory.
Recently, a Denton County citizen living
within the boundaries of old Justice Pre-
cinct Two applied for an application to
obtain a beer license. Questions:

"1. Is the territory within old
Justice Precinct Two now a wet area?

"2. If yes, does the wet area in-
clude only the territory boundaries of
old Justice Precinct Two?"

The Court in Bullington v. Lear, 230 S.W.2d 290, 292 (Tex.Civ.App. 1950, no history), announced the following rule:

> ". . . It has been held that it is beyond the power of the commissioners court to so change the boundary of a justice precinct as to repeal a law passed by a local option election in favor of or against prohibition. Houchins v. Plainos, 130 Tex. 413, 110 S.W.2d 549; Jackson v. State, 135 Tex.Cr.R. 140, 118 S.W.2d 313.
>
> "This election was a clear, valid declaration of the will of the voters as to which under the Constitution and statutes they had a right to authoritively express their will. By virtue of this election, Justice Precinct No. 2 of Crane County as it existed on August 3, 1949, the date the petition was filed with the County Clerk and on August 8, 1949, the date the Commissioners Court ordered the election, became dry."

The Court in the case of Powell v. Smith, 90 S.W.2d 942, 944 (Tex.Civ.App. 1936, no history), announced the following rule:

> ". . .'Where local option was adopted in any given locality, by the majority of the voters therein, it will remain in force until the qualified voters of such particular subdivision decide otherwise in an election held for that purpose. . . .'"

The Texas Supreme Court in Houchins v. Plainos, 130 Tex. 413, 110 S.W.2d 549 (1937), announced the rule that an original territory that was dry remained dry until there was an election in the same territory to vote on the same question. The Court stated at page 555:

> ". . . As to the case at bar, we hold that while it is true that the City of Houston Heights has long since ceased to exist as a municipal corporation, still it yet exists for the purpose of holding a local option election to vote on the question of making it lawful to sell intoxicating liquors within the area originally voted dry."

Based upon the above authorities, it is the opinion of this office that the answer to the two questions should be as follows:

1.   The original territory within the old Justice Precinct Two is still wet for the limited purpose of the sale of beer for on-premises consumption.

2.   The wet area includes only the territorial boundaries of old Justice Precinct Two.

Consistent with this are Attorney General's Opinions Nos. O-297, O-6880 and WW-1149.

Since this office received the above opinion request, we received a telephone call from your office in which you advised us that the following additional facts would be relative in answering the opinion request:

"On August 24, 1935, the State Constitution legalized the sale of beer. . . .

"On September 21, 1935, the electors in Justice Precinct No. 2 in a local option election had before them the following two propositions:

"'1.   For the sale of beer containing not more than 3.2 percent (3.2%) of alcohol by weight.

"'2.   Against the sale of beer containing not more than 3.2 percent (3.2%) of alcohol by weight.'

"The people voted for the sale of 3.2 percent beer. It was passed by the people on September 21, 1935.

"Question: If the area is wet, what percentage of alcohol may the beer contain by weight, 3.2 percent or 4 percent?"

In 1933, Congress modified the Volstead Act to permit the sale of beer.

On August 26, 1933, the voters of Texas adopted an amendment to the State Constitution legalizing the sale of beer containing not more than 3.2 percent alcohol by weight in cities, counties or political subdivisions thereof in which the qualified voters voted to legalize the sale of beer.

In 1933, the Regular Session of the Forty-Third Legislature enacted House Bill No. 122, Chapter 116, Section 1(b), which provides:

"(b). Upon and after the effective date of this Act (as provided in subsections (c) and (d) of Section 28 of this Act) in all counties in the State of Texas and in all political subdivisions thereof wherein the sale of intoxicating liquors had been prohibited by local option election held under the laws of the State of Texas and in force at the time of taking effect of Section 20, Article 16 of the Constitution of Texas, it shall continue to be unlawful to manufacture, sell, barter or exchange in any such county or any such political subdivision of said county any vinous or malt liquors containing in excess of one per cent (1%) alcoholic content by volume, unless and until a majority of the qualified voters in said county or political subdivision thereof voting at an election held for such purpose shall determine it to be lawful to manufacture, sell, barter or exchange in such county or in such political subdivision of said county any vinous and malt liquors containing not more than three and two-tenths per centum (3.2%) alcoholic content by weight;"

The election held on September 21, 1935, in Justice Precinct Two of Denton County, as described previously, was apparently in accordance with House Bill No. 122, Acts of the Forty-Third Legislature, 1933, and would legalize the sale of beer containing not more than 3.2 percent alcohol by weight in Justice Precinct Two.

On December 5, 1933, the Twenty-First Amendment to the Federal Constitution, which repealed the Eighteenth Amendment, became effective.

On August 24, 1935, the voters of Texas adopted an amendment of Article 16, Section 20 of the State Constitution repealing State prohibition.

House Bill No. 122, Acts of the Forty-Third Legislature, 1933, was repealed by House Bill No. 77, Acts of the Forty-Fourth Legislature, 1935, Second Called Session, and the relative portions of such Act reads as follows:

"Article II, Section 1.

"Manufacture, sale and distribution of beer authorized; local option; 'beer' defined. (a) The manufacture, sale and distribution of beer containing one-half (1/2) of one per cent (1%) or more of alcohol by volume and no more than four per centum (4%) of alcohol by weight is hereby authorized within the State of Texas.

"Unless otherwise herein specifically provided by the terms of this Act, the manufacture, sale and distribution of beer, as hereinafter defined, shall be governed exclusively by the provisions of Article II of this Act, Chapter 116, Acts of the Regular Session, Forty-Third Legislature, and all amendments thereto, are hereby repealed.

"(b) It shall continue to be unlawful to manufacture, sell, barter or exchange in any county, Justice's Precinct or incorporated city or town any malt liquor containing in excess of one-half (1/2) of one per cent (1%) alcohol by volume except in counties, Justice's Precincts or incorporated cities or towns wherein the voters thereof had not adopted prohibition by local option elections held under the laws of the State of Texas and in force at the time of taking effect of Section 20, Article 16 of the Constitution of Texas in 1919; except that in counties, Justice's Precincts or incorporated cities or towns wherein a majority of the voters have voted to legalize the sale of beer in accordance with the local option provisions of Chapter 116, Acts of the Regular Session of the Forty-

<u>Third Legislature, beer may continue to be</u> <u>sold lawfully.</u> It is expressly provided, however, that local option elections may be held in any county, Justice's Precinct or incorporated city or town within this State in accordance with the provisions of Section 32 to 40 inclusive of Article I of this Act, for the purpose of determining from time to time whether the sale of beer shall be prohibited or legalized within the prescribed limits; and it shall be unlawful to sell beer in any county, Justice's Precinct or incorporated city or town wherein the same shall be prohibited by local option election, and lawful to sell beer under the provisions hereof in any county, Justice's Precinct, or incorporated city or town wherein the sale of beer shall be legalized by local option election.

"(c) The word 'beer' as hereinafter used in this Act and for the purpose of this Article, shall mean any malt beverage containing one-half (1/2) of one per cent (1%) or more of alcohol by volume and not more than four per centum (4%) of alcohol by weight." (Emphasis added)

House Bill No. 77 was approved by the Governor on November 15, 1935, and became effective upon the same date.

Therefore, it is the opinion of this office that the above quoted language from House Bill No. 77, Acts of the Forty-Fourth Legislature, 1935, Second Called Session, authorized the sale of any malt beverage containing one-half (1/2) of one per cent (1%) or more of alcohol by volume and not more than four per centum (4%) of alcohol by weight in any area in which the sale of any malt beverage containing not more than 3.2 per cent (3.2%) of alcohol by weight was then authorized. Assuming the validity of the election held in Justice Precinct 2 in Denton County on September 21, 1935, beer containing not more than four per cent (4%) of alcohol by weight may now be sold in such precinct.

## S U M M A R Y

When the Commissioners Court enlarged Justice Precinct Two in 1948, the same having in 1935 voted to legalize the sale

of beer, by adding additional territory
which was previously in a dry Justice
Precinct, only the original territorial
boundaries of Justice Precinct Two re-
mained wet for the limited purpose of
the sale of beer not in excess of 4.0
per cent by weight of alcohol by virtue
of the provisions of House Bill No. 77,
Forty-Fourth Legislature, Second Called
Session (1935).

Very truly yours,

WAGGONER CARR
Attorney General of Texas

DOUGLAS H. CHILTON
Assistant Attorney General

DHC/dt

APPROVED

OPINION COMMITTEE:

W. V. Geppert, Chairman
Gilbert J. Pena
Mary K. Wall
Phillip Crawford
W. O. Shultz

APPROVED FOR THE ATTORNEY GENERAL
By T. B. Wright