

# THE ATTORNEY GENERAL

# OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

January 27, 1969.

Hon. Charles A. Allen
Criminal District Attorney
Harrison County
P. O. Box 776
Marshall, Texas

Opinion No. M-335

Re: Sale or dispensing
of alcoholic beverages
in City of Marshall
involving annexed
dry area, and re-
lated questions.

Dear Mr. Allen:

Your opinion request asks our opinion concerning the captioned inquiries. The factual matters presented in substance are not in dispute and are hereinafter related.

On May 12, 1966, an area was annexed to the City of Marshall, Harrison County, Texas, which City was, at the time of annexation, a wet area for the sale of all alcoholic beverages for off-premises consumption.

Subsequent to such annexation and on October 8, 1966, an election was held by the voters of the then City of Marshall and the following questions, either in substance or in fact, were presented:

A. For or against the sale of all alcoholic beverages, on premises consumption.

B. For or against the legal sale of all alcoholic beverages, off premises consumption.

The voters of the City of Marshall voted against proposition "A" above and voted for proposition "B" above.

Your inquiries appear to be divided into (3) separate categories, to-wit:

(1) Is the annexed area a wet area for the legal sale of all alcoholic beverages for off-premises consumption?

(2) Can a person operate a liquor store in such annexed area?

(3) Can a person operate a private club under the "pool" system in the annexed area?

Your office has advised that there is no question concerning the validity or legality of the local option election.

It has been held by our state courts that when a local option election has been held in a certain area, which area voted "dry," and that area was subsequently annexed to a city that is "wet," then the annexed area remains "dry" until the qualified voters of the annexed area decide otherwise in an election held for that purpose. Hawthorne v. Texas Liquor Control Board, 113 S.W.2d 577 (Tex.Civ.App. 1938, no writ); Houchins v. Plainos, 130 Tex.413, 110 S.W.2d 549 (1937). The distinction between these cases last cited and your situation is that there was a local option election after the annexation.

Since the qualified voters in the annexed area participated in the local option election subsequent to its annexation, the latest expression of the entire populace of the City of Marshall is for the sale of all alcoholic beverages for off-premises consumption only. This would mean that the entire city limits of the City of Marshall as it existed on October 8, 1966, is a "wet" area for the sale of all alcoholic beverages for off-premises consumption only. cf: Powell v. Smith, et al., 90 S.W.2d 943 (Tex.Civ.App. 1936, no writ).

It is the opinion of this office that the annexed area to the City of Marshall is a "wet" area for the sale of all alcoholic beverages for off-premises consumption only, and the first question should therefore be answered in the affirmative.

Under Article 1, Section 15 (8) of the Texas Liquor Control Act (Article 666, V.P.C.), a person would be authorized to secure a Package Store Permit to sell and dispense the intoxicating beverage so listed under Subsections (b) through (d) for off-premises consumption only. Since the annexed area is a "wet" area, then such person could secure a Package Store Permit for such annexed area.

It is also our opinion that the second question should be answered in the affirmative.

Article 1, Section 15 (e) of the Texas Liquor Control Act (Article 666-15(e), V.P.C.) is known as the "Private Club

Act." Section 1-1 (b) defines a "Locker System" and an uncertainty is said to arise in the statute because no mention is contained therein concerning whether such method of dispensing alcoholic beverage is confined to a "wet" or "dry" area. Section 1-1 (c) provides as follows:

> "(c) 'Pool System' shall mean that system of liquor storage where all members of the pool participate equally in the purchase of all alcoholic beverages and the replacement of all alcoholic beverages is paid for by moneys assessed and collected in advance from each member equally. Such pool system shall be legal only in an area which has been voted 'wet' for all alcoholic beverages by a majority of voters at an election held under local option." (Emphasis added.)

We are advised by the Texas Liquor Control Board that a private club may be issued a Private Club Registration Permit in an area that has been voted "wet" for the sale of all alcoholic beverages for off-premises consumption. The Texas Liquor Control Board is charged with the duty and responsibility by the Legislature with administering and enforcing the Texas Liquor Control Act. Although our courts are not bound by a department or administrative construction, such construction placed on a statute by a department or administrative body will ordinarily be adopted and upheld. Armco Steel Corporation v. Texas Employment Commission, 386 S.W.2d 894 (Tex.Civ.App. 1965, error ref. n.r.e.). This is particularly true when it is necessary to resolve any doubt or uncertainty in the statute. Texas Employers' Insurance Association v. Holmes, 145 Tex. 158, 196 S.W.2d 390 (1946).

While we have been referred to no rule, regulation or directive of the Texas Liquor Control Board placing such construction on the underscored portion of Article 1, Section 15 (e)-1 (c) of the Texas Liquor Control Act, we are nevertheless advised that this administrative construction has been consistently followed for a number of years and the Legislature, with presumed knowledge of that policy, has not seen fit to change it by statutory amendment in subsequent legislative sessions. Therefore it is the opinion of this office that a person would be authorized, upon obtaining a permit, to operate a private club under the "pool" system within the corporate city limits of the City of Marshall, which includes the annexed area, as the limits existed in the

October 8, 1966, election.    It follows that we must answer the third question in the affirmative.

## S U M M A R Y

When an area is annexed to a city, which city is wet for the sale of all alcoholic beverages for off-premises consumption, and there is, subsequently, a legal local option election, which includes the annexed area, wherein the voters approve the sale of all intoxicating beverages for off-premises consumption, then the entire city, including the annexed area, is wet for the sale of all intoxicating beverages for off-premises consumption.

A person may operate a package store in an area annexed to a city under the foregoing facts.

A person may dispense intoxicating beverages in a private club under the "pool" system in an area as described above and when such area has legally voted in a local option election for the sale of all intoxicating beverages for off-premises consumption only.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by O. Jay Floyd
Assistant Attorney General

APPROVED:

OPINION COMMITTEE
Kerns Taylor, Chairman
George Kelton, Vice Chairman
Monroe Clayton
Lonny Zwiener
Larry Craddock
W. O. Shultz

W. V. Geppert
STAFF LEGAL ASSISTANT