

# THE ATTORNEY GENERAL

## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

May 20, 1971

Honorable Ralph M. Hall
The Senate of Texas
Senate Chambers
Capitol Station
Austin, Texas

Opinion No. M-865

Re: Constitutionality of
S.B. 925, 62nd Legis-
lature, Regular Session,
1971, relating to the
status of an area annexed
to a wet justice precinct
in certain counties.

Dear Senator Hall:

You have submitted for our consideration the consti-
tutionality of Senate Bill 925, 62nd Legislature, Regular
Session 1971, same being a proposed amendment to Section
23, Article I of the Texas Liquor Control Act, codified as
Article 666-23, Vernon's Penal Code, the pertinent por-
tion of which as originally introduced, reads as follows:

"Provided, however, that whenever the Commissioners'
Court of any county in the state of over 350,000
population according to the last federal census
shall annex areas to any justice precinct desig-
nated as a 'wet area', the annexed portion shall
become wet if its prior status was that of a
'dry area', and such order of the Commissioners'
Court attaching such portion of a dry justice
precinct to a wet justice precinct will not
serve to prohibit the sale of alcoholic beverages
in the attached portion."

Article 16, Section 20, Subsection (b) and (c) of the
Texas Constitution adopted in 1935 specifically repealed
State wide prohibition and granted authority to the Legis-
lature to return the State to a system of local option regu-
lation, in the following language:

"(b)   The Legislature shall enact a law or laws
whereby the qualified voters of any county, justice's

-4199-

precinct or incorporated town or city, may, by
a majority vote of those voting, determine from
time to time whether the sale of intoxicating
liquors for beverage purposes shall be prohibited
or legalized within the prescribed limits; and
such laws shall contain provisions for voting
on the sale of intoxicating liquors of various
types and various alcoholic content.

"(c)  In all counties, justice's precincts or
incorporated towns or cities wherein the sale
of intoxicating liquors had been prohibited by
local option elections held under the laws of
the State of Texas and in force at the time
of the taking effect of Section 20, Article
XVI of the Constitution of Texas, it shall con-
tinue to be unlawful to manufacture, sell, barter
or exchange in any such county, justice's pre-
cinct or incorporated town or city, any spiri-
tuous, vinous or malt liquors or medicated bitters
capable of producing intoxication or any other
intoxicants whatsoever, for beverage purposes,
unless and until a majority of the qualified
voters in such county or political subdivision
thereof voting in an election held for such
purpose shall determine such to be lawful;
provided that this subsection shall not prohibit
the sale of alcoholic beverages containing not
more than 3.2 per cent alcohol by weight in cities,
counties or political subdivisions thereof in which
the qualified voters have voted to legalize such
sale under the provisions of Chapter 116, Acts
of the Regular Session of the 43rd Legislature."

Pursuant to this constitutional mandate the Legislature
passed the Texas Liquor Control Act regulating the sale of
intoxicating beverages and providing for the holding of local
option elections.  These provisions pertaining to elections
are codified as Article 666-32, et. seq., Vernon's Penal Code.

The term "local option" is well understood by the Legis-
lature and the voters of Texas.  A local option election is
a clear, valid declaration of the will of the voters, which
under the Constitution and statutes they have a right to au-
thoritatively establish.  The Supreme Court in Houchins v.
Plainos, 130 Tex. 413, 110 S.W.2d 549 (1937), ruled that

the Constitution provides the exclusive means by which the
issue of prohibition or legalization of alcoholic beverages
could be decided. That Court in the earlier case, State v.
Texas Brewing Company, 106 Tex. 121, 157 S.W. 1166 (1913)
at page 125 reached a similar conclusion when it stated:

> "All powers of government reside in the people,
> and the officials of the different departments
> exercise delegated authority; however, the
> Legislature can exercise all legislative power
> not prohibited by the Constitution. But the
> section of the Constitution quoted provides
> a method (a referendum) by which the voters
> of a given territory may exercise the sovereign
> power of legislating upon this subject, which
> places the law adopted by them above legislative
> authority, as if it had been embraced in the
> Constitution, and we must so consider the local
> option law adopted by the voters of Clay County,
> for that, like the Constitution, is the exercise
> of primary sovereignty; therefore, what is pro-
> hibited by the local option law to be done in
> Clay County, as to sale of intoxicating liquors,
> cannot be authorized by the Legislature to be
> done there." (at p. 125).

Therefore, as held in Medford v. State, 74 S.W. 768,
45 Tex.Crim. 80 (1903),

> "Where local option has been legally put into
> operation within a specified territory, it
> must remain in force in that territory; that
> no power  -  Legislative or Judicial has the
> authority to change the boundaries of a local
> option territory so as to render inoperative
> the law as put into operation during its pend-
> ency in that territory. The same authority
> that put it into operation must annul, . . ."

In line with this reasoning, numerous Texas cases have
held that not withstanding the fact the Commissioners' Court
has the clear legal right to define, redefine, change or
alter the boundaries of precincts within the county, that
it is beyond the power of the Commissioners' Court to so
change the boundaries of a justice precinct as to repeal
a law passed by a local option election in favor or against

prohibition.  <u>Bullington v. Lear</u>, 230 S.W.2d 290 (Tex.Civ.App.
1950, no writ); <u>Goodie Goodie Sandwich, Inc. v. State</u>, 138
S.W.2d 906 (Tex.Civ.App. 1940, error dism., judg. cor.);
<u>Houchins v. Plainos</u>, supra; <u>Jackson v. State</u>, 118 S.W.2d 313
(Tex.Civ.App. 1938, no writ).  In accord, Attorney General
Opinion Nos. C-658 (1966), C-681 (1966), and 0-6880 (1945).

It was further held in Attorney General Opinion No.
WW-1149 (1961) that when one justice precinct is wet and
a portion of a dry precinct is merged with it, and even
though that part of the dry precinct merged with the wet
precinct has no residents, the portion of the dry precinct
merged with wet precinct remains dry.

Senate Bill 925 prescribes in certain counties another
means for legislation of alcoholic beverages in a consti-
tutionally established dry area, other than by local option,
as required by the Constitution.

It is our opinion that Senate Bill 925 violates the
constitutional mandate for local option and therefore is
unconstitutional.  To hold otherwise would have the effect
of taking the local option power prescribed by the Constitution
away from the voter in the locality and lodge it with the
Commissioners' Court, who would be empowered to repeal
local options in portions of the justice precinct by
simply changing the boundaries of said precincts.  Such
an effect is not in harmony with the Constitution and the
laws of this State, as interpreted by the Supreme Court,
and other courts of our State, in the cases and Attorney
General Opinions cited above.

### S U M M A R Y

Senate Bill 925, 62nd Legislature, Regular Session,
1971, a proposed amendment to Section 23, Article
I of the Texas Liquor Control Act, codified as
Article 666-23, Vernon's Penal Code, providing that,
in certain counties, an annexed "dry area" to a "wet
area" shall occupy the same "wet" status as the
annexing area violates the constitutional mandate
of local option and is therefore unconstitutional.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Guy C. Fisher
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Jay Floyd
W. O. Shultz
Ralph Rash
James Quick

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant